## C. H. DAVIS *v.* H. C. MILLAUDON, Agent.

An order of seizure and sale may be enjoined on the ground of a deficiency in the quantity of land sold, which would entitle the vendee to a diminution of the price.

A tender by the vendor of other lands to supply the deficiency in the quantity of land sold, is an admission of the deficiency, and such admission is not avoided by the declaration in the plea of tender, that the party does not thereby waive the benefit of his plea of the general issues.

A claim in *diminution of price* is not a demand in compensation or set off, in the legal sense of the term, and may be set up as a ground of defence by the vendee when sued for the price, without his being obliged to resort to a separate action.

The maxim of law " *quæ temporalia, &c.*" has survived the general repealing Act of 1828, and although the action *quanti minoris* be prescribed, the vendee, when sued for the price, may resist the payment on the ground of a claim to a diminution of the price.

APPEAL from the District Court of the Parish of St. Bernard, *Foulhouze*, J. *Geo. S. Lacy* and *R. A. Upton*, for plaintiff and appellant. *P. A. Ducros, Jr.*, for defendant.

LAND, J. This is an injunction suit, to arrest the execution of an order of seizure and sale, sued out for the collection of a mortgage note given in part payment of the price of a plantation and slaves purchased by the plaintiff from one *Benjamin L. Millaudon.* The alleged grounds for the injunction are, the danger of eviction by reason of an outstanding title, and a deficiency in the quantity of the land sold, exceeding one-twentieth part, which diminishes, as alleged, the value of the estate in the sum of, at least, sixteen thousand dollars.

The first ground of injunction was decided recently by this court, in the case of the plaintiff, *Charles S. Davis* v. *Laurent Millaudon*, and adversely to his pretensions. It is, consequently, only necessary to consider the second alleged ground for the injunction.

The defendant, in his original answer, avers that the sale to the plaintiff was a sale *per aversionem*, in which the quantity of acres mentioned is of no importance, and pleads the prescription of one year to the plaintiff's demand for a diminution of the price. In a supplemental answer, the defendant pleads a peremptory exception to the plaintiff's petition, on the ground that his demand for a diminution of the price is an unliquidated claim, which cannot be pleaded in compensation of a debt evidenced by an act importing confession of judgment, nor can arrest a writ of seizure and sale thereon. He further pleads, (though denying the right of the plaintiff to call upon him for a diminution of the price, for the reasons set forth in his supplemental and original answers,) that he purchased, on the 19th of July last, some two hundred and fifty acres of land, in the rear of that portion of the plantation which lies on the right bank of the bayou, which he hereby tenders to said plaintiff, to be considered as forming a portion and parcel of his plantation.

This supplemental answer was filed on the 27th of September, 1858, and on the 7th of October following, the plaintiff made an application for a continuance, on the grounds of the absence of a material witness, and that further time was necessary to enable him to inquire into and examine the defences that he may have to the demand tendering new lands in satisfaction of his claim for diminution of price; and in his affidavit, deposes, that it is important for him to ascertain, 1st, whether the title to the land tendered is good and sufficient in law ;

2dly, if the title be good, whether or not, the land called for by the same can be found ; 3dly, the location of the same ; and 4thly, its quality and character. He further deposes, that if time be granted to him, he can show upon the trial of this cause, that there is not a legal title ; that the quantity of land covered by such title cannot be found ; that its location is not such as would authorize the defendant, under any circumstances, to tender the same ; and that it is continually under the waters of the gulf, marshy, and of but little value. The application for the continuance was refused, for the reason stated in the bill of exceptions, that " *the court considered that a sufficient legal ground for such continuance was not set forth in the affidavit.*"

In our opinion, the District Judge erred. If a vendor has the right to tender other lands in satisfaction of a vendee's demand for a reduction of price, in consequence of a deficiency in the quantity of land sold, the tender should be of lands of the same quality and value as those actually conveyed, and to which the vendor has in law a good and sufficient title. It cannot therefore be said, that the plaintiff's affidavit set forth no legal grounds for a continuance, because the matters set up in the affidavit were material and pertinent to the issue raised by the plea of tender of other lands. The plea of tender was an admission of a deficiency in the quantity of the land sold, and was inconsistent with the plea of the general issue; and this inconsistency was not avoided by the defendant's declaration, that he did not intend to waive the benefit of the latter plea. A tender in open court of the thing demanded, or its equivalent, is certainly an admission that the thing itself is due, and is consequently inconsistent with an averment, or plea, that the thing is not due. It has ever been held, that the plea of payment is inconsistent with a general denial, and a plea of tender cannot be less so.

On the trial of the cause, which took place on the same day, the plaintiff's counsel offered evidence to prove all the facts necessary to sustain his demand for a diminution of price, and the defendant, by his counsel, objected thereto, upon the grounds that the claim in diminution was not a liquidated demand, which could be set off against an act importing confession of judgment, or could arrest the execution of a writ of seizure and sale issued thereon. The court rejected the evidence, for the reason stated in the bill of exceptions " *that the plaintiff should resort to a separate action.*" The District Judge erred. The claim in diminution of price was not a demand in compensation, or set off, in the legal sense of the term. Compensation presupposes and admits the existence of a debt due. A claim in diminution of price is a denial of the vendor's right to recover the *whole amount* claimed on the ground of a failure of consideration, and is consequently of a very different nature. It has already been decided, that a vendee, when sued for the price by the vendor, may plead in his defence, by way of exception, that the consideration has failed, through a deficiency in the quantity, or through the redhibitory defects of the thing sold. *Thompson* v. *Milburn*, 1 N. S. 468 ; *Davenport* v. *Fortier*, 3 N. S. 695 : *Bushnell* v. *Brown*, 4 N. S. 500. Upon the authority of these decisions, the plaintiff had the right, as vendee, when sued for the price by the vendor, who is the defendant in this action, to claim a diminution of the price, and was not bound to institute a separate action for that purpose.

The defendant's counsel, however, contends, that the claim in diminution of price was prescribed by the lapse of one year before the commencement of this suit by injunction, and is therefore extinguished. He further contends that the rule of the Roman law, *quæ temporalia sunt ad agendum, sunt ad excipiendum*

*perpetua,* has been repealed, and no longer forms a maxim in our jurisprudence. We find that it has been otherwise considered by our predecessors, and recognized as a maxim of law which survived the great repealing Act of 1828, and which they have declared applicable to a certain class of cases well defined in the opinion of Mr. Justice Slidell in the case of *Boeto* v. *Laine,* 3 An. 141. The vendor's right of action for the recovery of the price, and the vendee's right of action for diminution of price, arise out of the contract of sale of the plantation and slaves now in controversy, and the claim for diminution is, consequently, in the language of the commentators, *visceral*—necessarily attached to the vendor's action for the price, and inseparable from the contract of sale itself. We are therefore of the opinion, that the vendee's claim for diminution comes within the operation of the rule, *quæ temporalia,* and, that being sued for the price, he may avail himself, as a matter of defence, of a deficiency in the quantity of the land sold, though the action *quanti minoris* be prescribed. See 1 N. S. 468, 3 N. S. 695, 4 N. S. 500, 2 An. 546, 3 An. 141.

It is, therefore, ordered, adjudged and decreed, that the judgment be reversed, and the cause remanded to the lower court for further proceedings according to law, and that the defendant pay the costs of this appeal.

*Note.*—The pleadings and issues are different in this case from those in the case of the plaintiff against *Laurent Millaudon,* referred to in the foregoing opinion.