## No. 2421

### Second Circuit.

---

## DOVE v. O'BANNON

---

(February 8, 1926, Opinion and Decree)

---

*(Syllabus by the Editor)*

1. **Louisiana Digest—Tender—Par. 7.**

A legal tender admits the liability to the amount tendered.

2. **Louisiana Digest—Timber—Par. 15.**

One who does not instruct his workmen as to the boundaries of his land from which they were gathering wood, is liable to the adjoining land owner for the profit that was made out of the wood wrongfully gathered from his land.
   (Civil Code, Art. 2315.  Editor's note.)

Appeal from the Ninth Judicial District Court of Louisiana, Parish of Rapides, Hon. R. C. Culpepper, Judge.

Action by Charles A. Dove against E. M. O'Bannon.  There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Lamar Polk, of Alexandria, attorney for plaintiff, appellee.

K. Hundley, of Alexandria, attorney for defendant, appellant.

WEBB, J.    The plaintiff and defendant are the owners of contiguous lands, from which the timber had been cut and removed many years ago, leaving the tops of the trees and other refuse lying upon the ground, which could be comparatively easily gathered and used for fire-wood.

Defendant contracted to deliver wood to a concern at three dollars per cord, which wood, he states, he expected to obtain from his own lands (of which he had several thousand acres of like character in the same territory), and for this purpose he sent parties out to gather and haul the wood, and these parties took wood not only from the lands of defendant, but also from the lands of plaintiff; and in this action plaintiff seeks to recover the damages sustained, which he places at one hundred and sixty-two and 50-100 dollars, the alleged value of sixty-five cords of wood, claimed by him to have been removed from his property.

The defendant made a tender of twenty dollars and costs accrued to date of tender, which, not being accepted, he filed an answer, denying that any wood had been removed from plaintiff's land, and if it had been removed by parties employed by defendant, that it was without his knowledge, and that such parties were independent contractors for whose acts he was not responsible; and in the alternative, in event of it being shown that wood had been removed from plaintiff's land by persons for whom he was responsible, that the wood was not worth more than fifty cents per cord.

The judgment of the trial court was in favor of the plaintiff, for twenty-three and 50-100 dollars, with interest and costs. The defendant appealed, and plaintiff answered the appeal asking that the judgments be amended so as to allow the amount in the petition.

## OPINION

In view of the admission of liability resulting from the tender (Ins. Co. vs. Pike, et al., 34 La. Ann. 828), the case presents only two questions, one relating to the quantity of wood removed by defendant's employees from the lands of plaintiff, and the quantum of damages.

The lower court did not file a written opinion, and we are not informed of the quantity of wood which he found had been removed, nor of the measure of damages, whether the value of the wood was fixed at the value on the land, or otherwise.

The evidence as to the quantity, number of cords of wood taken from the land, is based more or less on estimates made by the respective witnesses, and these estimates are conflicting. The defendant was in a better position to have ascertained with some degree of certainty the quantity removed, and he states that he, after taking the matter up with his haulers, found that eighteen cords had been cut. This, however, appears to be erroneous, in view of the fact, as shown by the direct testimony of Bratton, a witness for defendant, that he (Bratton) and his son, had cut and removed twelve cords and the evidence that Orr and DeWitt had cut wood on the land for at least eight days each, and that a cutter would cut from one to two cords per day and the testimony of Shirely that he had cut three cords.

We find that there were at least thirty-nine cords removed from the plaintiff's land, this finding being based upon the evidence of Bratton, and the testimony referred to above.

As to the measure of damages, the defendant states that he knew the boundaries of the lands probably better than any one, and that he had given small maps to some of his employees showing the lines, and that he did not know any wood was being taken from plaintiff's land.

Several of the cutters state, however, that they did not have any particular instructions from the defendant; that he did not give them any map, and that his instructions were general, for them to cut to the northeast and within one-half mile of the railroad; while Bratton says that he was given a map and shown the lines between the property of plaintiff and defendant, but he admits that he cut twelve cords of wood off of the plaintiff's land.

We find that the defendant negligently failed to instruct his workmen as to the boundaries, and that the trespass which was committed by them, was attributable to his carelessness, and that he cannot be held to have been in legal good faith.

We do not find, however, that the defendant was in moral bad faith; that he intended to have the wood gathered from the lands of plaintiff; and in view of the evidence showing that the wood lying upon the land had little, if any, market value, and that the maximum profit which the defendant obtained from the sale of the wood was sixty cents per cord, we are of the opinion that the judgment in plaintiff's favor for twenty-three and 50-100 dollars was sufficient.

State vs. Cypress Co., 131 La. 70, 58 South. 1033.

The judgment is affirmed.