This suit is a sequel to that between the same parties which was appealed to and decided by this court in June, 1944. See18 So.2d 849. In the former suit an exception of no cause of action was sustained and the suit was dismissed as of nonsuit. In this suit, as in the former one, plaintiffs seek right of passage westerly from their land over that of defendants to the Woolworth Road, the nearest public highway. This road borders defendants' land on its entire west side.
The facts pertinent to the controversy are quite fully set out and discussed in the opinion of this court, supra, but for the purposes of the present opinion we shall, to some extent, have to again discuss them. The applicable law is also cited in the former opinion.
Plaintiffs own 57.50 acres of land in a body consisting of 17.50 acres off of the south side of the southwest quarter of the southeast quarter (S.W. 1/4 of S.E. 1/4), section 10, and the northwest quarter of the northeast quarter (N.W. 1/4 of N.E.1/4), section 15, township 16 North (16 N.), range 15 west (15 W.), while defendants own the northwest quarter (N.W. 1/4) of section 15, and 61.79 acres adjoining in the south half (S. 1/2) of the southwest quarter (S.W. 1/4), section 10, same township and range. Plaintiffs' northwest corner and one of defendants' northeast corners are common. Plaintiffs' tract, south side, adjoins what is designated on a map prepared by a civil engineer and filed in the case as the "Old Road". It courses westerly, slightly zigzagging across the northwest quarter of section 15, owned by defendants, to the Woolworth Road. Plaintiffs' residence is in the southwest corner of their tract, close to this road. The west *Page 656 
line of plaintiffs' property and part of defendants' east line are identical.
When plaintiffs acquired their land in 1943, the old road was then being generally used by the public as a means of reaching the Woolworth Road, and such public use had extended back for at least 60 years, although no dedication of it, expressly or tacitly, to public use had been made by anyone owning the land it traverses.
Plaintiffs' lands are wholly enclosed by the lands of defendants and others. They allege and the testimony proves that the old road is the only presently existing passable way therefrom to a public highway or other public way of passage.
In the month of December, 1943, defendants closed the old road by building and constructing fences and gates along and over it which completely prevented the use thereof by plaintiffs and others living west of their place, who had previously traveled over it to the Woolworth Road; and, after many requests, defendants refused to remove said obstructions, etc.
Plaintiffs instituted this suit for the purpose of procuring judicially a right of passage from their land over said old road across the lands of defendants to the Woolworth Road, and averred that they had offered to indemnify defendants for whatever damage might be occasioned thereby, which, they also averred, defendants refused. In the alternative, plaintiffs prayed that should it be held that they are not entitled to the relief above stated, then in that event the court should determine, fix and establish a passage way from their property to the said Woolworth Road.
Defendants first filed a plea of nonjoinder, which was overruled. Exceptions of no cause and of no right of action tendered by them were likewise disposed of.
Answering, defendants deny the right of plaintiffs to passage way over the old road and aver that they have access to an outlet or passage way to the Woolworth Road that runs from their northwest corner westerly along lands of defendants, 1,490 feet, thence north over land of defendants and others to the northwest corner of land owned by R.G. Fort, thence west, 1,144 feet along the Lone Sycamore School Road to the Woolworth Road.
Prior to trial, defendants, in writing, tendered to plaintiffs a right of way and of passage from the northwest corner of plaintiffs' property due west (one-half mile) to the Woolworth Road, to be from 30 feet to 60 feet wide. This instrument is part of the record in the case. The route embraced in the tender, from the northwest corner of plaintiffs' property, for one-fourth mile, would course along the north line of defendants' land to the corner of the Fort land and from that corner on to the Woolworth Road, a distance of one-fourth mile, it would traverse defendants' land. Part of this distance would be over land in a state of cultivation.
The lower court gave judgment for plaintiffs, granting them right of passage over the old road to the Woolworth Road and decreed that plaintiffs erect gates at each end of the passage way at their expense. Defendants appealed.
[1] In this court defendants re-urge and brief the exceptions of nonjoinder and no cause and no right of action. The exception of nonjoinder is predicated upon the theory that plaintiffs should have joined as defendants all owners of land that enclose them; and the exceptions of no cause and no right of action are based upon the erroneous position that the map of the locus in quo discloses that there was a right of ingress and egress from plaintiffs' land northerly to said Woolworth Road; that plaintiffs had not offered to indemnify defendants for the damage that would follow the granting of the right of passage sought by them.
We are of the opinion that the lower court ruled correctly on all of the exceptions. The map does not show any passage way available to plaintiffs from their property northerly to the Woolworth Road. Plaintiffs alleged willingness to pay whatever damage defendants may sustain from the granting of the desired passage way, and aver that they refused to consider same. The facts of this case are not of such character as to require that any land owner be made a party thereto, save defendants.
[2] In this court defendants filed an exception of no right of action directed against the alleged failure of plaintiffs to prove ownership of the land described in their petition. To support this allegation, the basis of the exception, they refer to the suit of James Malone, Tutor, v. Robert J. Newson et al., No. 92592 on the docket of the District Court of Caddo Parish, wherein it is alleged the validity of defendants' title is assailed. *Page 657 
Plaintiffs introduced and filed in evidence the title deed whereby they acquired their land and are in possession thereof as owners under said deed. This is sufficient for them to maintain the present action. It is not necessary that plaintiffs, in such circumstances, prove title as against the world, to justify them in proceeding as they have. The exception is, accordingly, overruled.
[3] When defendants came into court and unreservedly and without qualification tendered to plaintiffs a right of passage over their land to the nearest public road, all issues in the case passed out except as to which of the two routes, the one tendered or the old road, should be adopted for plaintiffs' use. By making the tender in the form it is in, defendants concede, inferentially at least, if not expressly, that plaintiffs are entitled to right of passage over their land to the Woolworth Road and have no other route available to them. The trial judge took this view of the matter. Dove v. O'Bannon, 4 La. App. 374; Davis v. Millaudon, Agt., 14 La. Ann. 868; Southern Mutual Insurance Company v. Pike et al., 34 La. Ann. 825-828.
[4,5] The trial judge experienced no difficulty in determining which of the routes to the public road should be awarded to plaintiffs. He has favored us with a well written opinion, covering all phases of the case, and we adopt the following extracts therefrom and make them our own, to-wit:
"The map shows that the old road from the southwest corner and the road tendered running due west from the northwest corner of the Martini property are practically the same length. The old road is clearly more convenient for plaintiffs as it runs close to the house. Another element is that it serves, and has for years, a number of other families not parties to this suit.
"Defendants contend that the road tendered is much less injurious to them as it runs most of the way along a north boundary and the rest of the way through cultivated land, whereas, the old road bisects their pasture. Strangely, defendants never have shown how many cattle are kept in the field through which the old road runs, or that the land is not as suitable for cultivation as that further north. Without that knowledge we cannot gauge the amount of damage or inconvenience the road might occasion.
"The Martinis acquired their property on May 18, 1943. When defendants purchased in the following December this old road was open and in general use by the families living back of the Cowart property. It had been so used for more than 60 years. The soil was sandy and the road usable in all weathers without improvement. The vendor of the Cowarts called attention to this road and exacted a promise that it would not be closed. Unfortunately, ill feeling developed between the women and the road was closed. Mrs. Cowart exhibited such venom that grave doubt is cast upon her good faith in the matter. It is doubtful whether her motive is to avoid injury to her property or to cause Mrs. Martini all the trouble possible. It seems strange that this road which had been kept open for so many years should suddenly become so burdensome. * * *
"We have always understood that the best land is put in cultivation and that part which cannot be profitably farmed is devoted to pasture. It does not seem reasonable to offer a road over cultivated land which will absolutely prevent cultivation for the width of the road in preference to one meandering through a pasture. The only valid objection is that gates may be left open through which cattle may escape. The same objection was urged on the first trial at which time part of the back line of Mrs. Cowart's pasture was not even fenced. It has since been enclosed.
"It does not seem right that a person should be denied a privilege because of the fear that they will misuse it. If they misuse it and cause damage they are legally responsible. The testimony clearly shows that the old road without improvement is passable at all times. To make it available all that is required is a gate at each end. A properly closed gate is better and infinitely cheaper than a cattle guard. It is testified that a gate would cost $15.00.
"The road tendered would compel Mrs. Martini to open a road the length of her property to its northwest corner. Then west across a slough, several draws and ravines, necessitating fills, bridges and culverts and the grubbing out of some 57 large tree stumps, all at an estimated expense of $1200.00. An examination of the conveyance records shows that this is exactly what she paid for her property on May 18, 1943. In other words, if she is restricted to this way the cost of her 57.5 acres is doubled, whereas, the old road is usable at an expense of $30.00. *Page 658 
"In Littlejohn v. Cox, 15 La. Ann. 67 this rule is laid down:
" 'In exercising the right of passage, the road should be located in a place where it would be least injurious to the person or whose estate the passage is granted; and at the same time proper regard should be had to the interests of the party claiming the right of way.'
"In Mercer v. Daws [La. App.], 186 So. [877] 878, it is held that if the articles of the [Civil] Code 699 and 700 are construed with unbending strictness many instances would occur where the cost of an outlet would be prohibitive, which is the case here. A reasonable construction is held proper. They cite with approval the case of Littlejohn v. Cox, 15 La. Ann. 67, as follows:
" 'The defendants cannot exact that an extremely circuitous, impracticable and expensive route should be taken by the plaintiff, because it may happen to be less burdensome to the former.'
"In the Littlejohn v. Cox case the way was fixed along an old lane which had been used for many years by common consent and without complaint rather than the route more impracticable and expensive urged by defendant. It seems to us that these two cases fit the present issue exactly. The present case is even stronger because of the evident intent of defendant to put plaintiff to all the trouble possible."
* * * * * *
For the reasons herein assigned, the judgment appealed from is affirmed with costs.
KENNON, J., takes no part.