39 So.2d 744

**DOUGLAS v. HARO et al.**

No. 38843.

Feb. 14, 1949.

Rehearing Denied March 21, 1949.

Pat F. Bass and Lemle, Moreno & Lemle, all of New Orleans, for petitioner-appellant.

Vic Choppin, Jr., of New Orleans, for defendant-appellee.

PONDER, Justice.

This case comes to us on review from the Court of Appeals for the Parish of Orleans. The Court of Appeals affirmed the judgment of the trial court sustaining exceptions of no right and no cause of action on the ground that the plaintiff's petition did not disclose an interest to prosecute the action and dismissed the plaintiff's suit.

The plaintiff brought an action in ex delicto against the defendant, Julian L. Haro. It is alleged in the plaintiff's petition that he owns and operates a garage for the purpose of parking and storing automobiles for a stipulated consideration; that during the month of November, 1945 he had a contract with the New Orleans Bank for Cooperatives to park its Buick automobile for a stipulated consideration; that an employee of the plaintiff wrongfully took the automobile from the garage where it was parked and used it on a mission of his own without the knowledge and consent of the plaintiff; that, while the employee was using the automobile, a collision occurred between it and another automobile belonging to the defendant, Julian L. Haro; that at the time of the collision the Buick automobile was worth $938.50; that after the collision the automobile was so badly damaged that it was not feasible to have it repaired and the wreck was sold for $275; that the loss to plaintiff was $663.50; and that the damages

resulted from the negligent operation of the defendant's automobile.

The plaintiff takes the position that he, being responsible for the return of the deposit or to make restitution to the depositor, has an interest to recover from the tort feasor the damages resulting from the injury or destruction of the deposit. The defendant contends that the plaintiff has no interest to sue because he has suffered no loss and has alleged no demand from the depositor for restitution. The appellate court distinguishes this case from previous decisions holding that a depositary has sufficient interest to maintain an action for the possession of a deposit wrongfully taken from him. It is not necessary to express an opinion in this respect for the reason that the depositor is a necessary party to the suit in order to determine the rights of all the interested parties and to avoid a multiplicity of suits.

Under the provisions of our Civil Code, a deposit is defined as an act by which a person receives the property of another, binding himself to preserve it and return it in kind. The depositary must use the same diligence in preserving the deposit as he does in preserving his own property and the deposit must be restored on demand in the state in which it is in at the moment of restitution subject to deteriorations not affected by an act of the depositary. Articles 2926, 2937, 2945, 2955, Revised Civil Code.

The depositor has a right to pursue an action against the depositary under the contract of deposit any time within ten years, Article 3544, Revised Civil Code. The right of action to recover damages from the defendants is one in ex delicto which prescribes in one year, Article 3536, Revised Civil Code. If the depositor did not pursue the action in ex delicto within one year and the depositary was deemed to have no interest to bring such action, the depositary would be in the position where he could be made to make restitution for the loss of the deposit without any remedy.

▇ The modern trend of liberality in upholding substantive rights instead of subtle technicalities is to allow amendments to petitions that fail to state a cause of action due to insufficient allegations. Reeves v. Globe Indemnity Co. of New York, 185 La. 42, 168 So. 488. Since the opinion in that case was handed down, this Court has on many occasions adhered to the rule in order to render substantive justice.

▇ We have heretofore remanded cases to the lower court in order that necessary parties may be impleaded where no exception of non-joinder was interposed in order to render substantive justice and to avoid a multiplicity of suits. Succession of Todd, 165 La. 453, 115 So. 653; De Hart v. Continental Land & Fur Co., 196 La. 701, 200 So. 9, and Bologna Brothers v. Stephens, 206 La. 112, 18 So.2d 914.

For the reasons assigned, the judgment is reversed and set aside and the case is remanded to the lower court in order that the New Orleans Bank for Cooperatives, the depositor, may be impleaded with the right of all parties at interest to file whatever pleadings they deem appropriate. All costs to await the final disposition of this cause.

O'NIELL, C. J., and HAWTHORNE, J., do not take part.