REGAN, Judge.
Plaintiff, Vincent F. Pachi, instituted this suit against defendant, Homer White, who conducts his business under the trade name of Lakeview Upholstery Shop, endeavoring to recover the sum 'of $299, representing the value of an “.antique, hand carved, rosewood rocking chair” allegedly “delivered into the possession of defendant” for “glueing” on April 19th, 1946, and which chair has never been returned .to plaintiff.
Defendant .answered and admitted that he “contracted with plaintiff to repair a rocking chair -but denies that the chair was ever delivered to him”; “that he is familiar with the chair”; that “plaintiff offered to sell the chair” to defendant “for the price of $15.00” which he refused because the chair was not worth the value placed upon it by plaintiff.
From a judgment in favor of plaintiff in the amount of $20 he has .prosecuted this appeal. Defendant has answered the appeal and insists that plaintiff has utterly failed to prove his case by a preponderance of the evidence.
Defendant has filed in this court exceptions of “no cause of action” and “no right of action”, which are leveled at plaintiff’s right to bring the present suit.
The record reveals that Vincent F. Pachi instituted this suit to recover $299, representing the value of a “rocking chair” but did not testify in the lower co'urt. The only witness appearing on 'behalf of the plaintiff was his wife,, who, in an effort to substantiate the antiquity of the “rocking chair” testified as follows:—
“Q. How long has the rocking chair been in your family? A. It was acquired by my family from the home of Colonel Byrnes, father of the late Judge Byrnes, who resided at St. Andrew and Coliseum.
“Q. How long is that? A. Well, it has been in our family between 44 and 45 years.
“Q. Do you have any idea how old the chair is all together? A. I should imagine it would be classed as an antique. ******
“Q. You all bought it from Judge Byrnes? A. I don’t recall. I know my family got it from there; it was given to me by my parents.”
We have diligently 'examined this record and we have been unable to find one word in the testimony which would indicate that the plaintiff is the owner of the property involved in this litigation. On the contrary, the aforementioned testimony of Mrs. Pachi and other testimony contained therein, which we find unnecessary to quote, substantially proves that the rocking chair involved herein is her own separate and paraphernal property, and therefore she is the only person who may bring an action for the restitution thereof.
We are reluctant to maintain an exception of this kind for the reasons which we have set forth in Home Services v. Marvin, 37 So.2d 413, especially in view of the fact that the testimony appearing in this record will, in all probability, be identical to the testimony that will be adduced in the event that a new suit is filed on behalf of the wife, however, the statutory law of this state leaves no other course open to us.
We are in full accord with the modern trend of liberality of the courts in upholding substantive rights instead of subtle technicalities so as to remand the case and permit amendments to petitions which fail to state a cause of action due to insufficient allegations and, in this connection, we have carefully analyzed the recent decision of the Supreme Court in the case of Douglas v. Haro, 214 La. 1099, 39 So.2d 744, but unfortunately we are unable to conclude that this case would be analagous to or control the result of the instant case.
*877 For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there he judgment herein in favor of defendant dismissing plaintiff’s suit at his cost.
Reversed.