AYRES, Judge.
Alleging that he is the owner of an enclosed estate, plaintiff seeks a right of passage over the lands of the defendant to the Old Shreveport-Dixie Highway, allegedly the nearest public road in the vicinity.
Plaintiff’s property is bounded on the north by Old Red River; on the east by Red River and by other lands; on the south by the property of W. S. Withrow; and on the west by Twelve Mile Bayou and the property of defendant, through which this right of passage is sought. More specifically, plaintiff alleges that his property is not located on any highway or public road; that the only public road to which his property could have access is the aforesaid Old Shreveport-Dixie Highway, between which and plaintiff’s lands lies defendant’s property ; that the shortest distance from plaintiff’s estate to the aforesaid highway is through defendant’s property; that for many years a road and a way of passage from plaintiff’s property to the aforesaid highway existed along the base of the levee on the property of defendant, which plaintiff, his agents, employees and ancestors in title had used over the years, the use of which, however, has allegedly been prevented by the defendant in erecting gates across said way of passage and placing the same under lock and key, and that an amicable adjustment of their differences has been attempted without avail, nowithstanding that plaintiff is ready and willing and has offered to pay defendant all such damages as may be incurred in connection with a right of passage over and across his property.
In answer to plaintiff’s demands, defendant generally admitted the material allegations thereof, particularly that plaintiff’s property was enclosed and that a right of passage across his property existed for many years, across which he recently placed gates, but, for the purpose of affording plaintiff and his employees use of said right of way, he delivered keys to the locks on the gates. He denied, however, that the Old Shreveport-Dixie Highway was the nearest public road to plaintiff’s property and alleged the nearest route for plaintiff was south across the Withrow property to a public road known locally as the George Road.
After trial in the lower court, there was judgment in favor of plaintiff and against the defendant, decreeing unto the plaintiff a right of passageway across defendant’s lands to the Old Shreveport-Dixie Highway, on the road as it exists from said highway easterly on the base of the levee and running to the common boundary of plaintiff’s and defendant’s properties, in compensation for which plaintiff was condemned to pay defendant the sum of $750. From the judgment rendered defendant appealed and plaintiff has answered the appeal, praying that the judgment be amended by increasing the width of the right of way or passage from 20 feet to 50 feet and by re *232 ducing the damages awarded defendant to $400.
The estates of both plaintiff and defendant are largely utilized for agricultural purposes and the grazing of livestock thereon. The record establishes that for a considerable period of time beyond the memory of all the witnesses who testified, there has been a road and a right of passage leading from the Old Shreveport-Dixie Highway across the lands of defendant to plaintiff’s property and about one-quarter of a mile inside thereof to plaintiff’s barns. This road lies almost entirely at the base of a levee, which forms a barrier and boundary for the fields of both plaintiff and defendant. Defendant admitted as aforesaid that the road along the levee across his land to plaintiff’s property has been in existence for many years and has served during a long period of time as a right of way for ingress and egress to plaintiff’s property. It is shown both in the pleadings and in the testimony that defendant is not opposed to the continued use of this road by plaintiff, his agents and employees. However, prior to the institution of this suit, defendant erected gates across the road for the primary purpose of enclosing a herd of sheep which he sought to graze on his lands. Prior to the erection of the gates he had endeavored to use cattle guards, which proved ineffective, and he afterwards elected to install the gates; nevertheless, he gave a key to plaintiff’s representatives and had no objection to other keys being furnished.
The right of the landowner whose estate is entirely enclosed by the lands of his neighbor or neighbors to acquire a passageway to the nearest highway is based upon LSA-C.C. Art. 699, which reads as follows :
“Art. 699. The owner whose estate is enclosed, and who has no way to a public road, a railroad, a tramroad or a water course may claim the right of passage on the estate of his neighbor or neighbors to the nearest public road, railroad, tramroad or water course and shall have the right to construct a road, railroad or tramway according to circumstances and as the exigencies of the case may acquire (require), over the land of his neighbor or neighbors for the purpose of getting the products of his said enclosed land to such public road, railroad, tramroad or water course, or for the cultivation of his estate, but he shall be bound to indemnify his neighbor or neighbors in proportion to the damage he may occasion.”
The provisions of this article may only be resorted to as expressed therein when the owner of an enclosed estate “has no way to a public road”, and, as was stated in Robinson v. Herring, La.App., 20 So.2d 811, 812, unless such owner finds himself in this predicament, of course, he has no right to invoke the aid of a court to adjudge to him a servitude of passage to a highway over intervening lands. Appropriate here is this statement of this court in the aforesaid case:
“It is true that plaintiff’s use of the road that leads northeasterly from his property to the highway is by sufferance of the owners of the land across which the road goes, but it is a way to the highway, and so long as it is open to plaintiff’s use he is not in a position legally to demand a servitude of passage to the highway across the lands of others. When, and if, he is denied the use of this route to the highway, he may then avail himself of the benefident provisions of the law, which guarantee an enclosed land owner access to the nearest highway.
“The law of this state in no uncertain manner zealously guards and protects all citizens in the possession and enjoyment of their real estate. Ownership, full and complete, may be modified to any extent only in the manner and in the cases defined by law. The *233 right of any land owner to force passage over his neighbor’s land may only be exercised in cases of necessity. This right does not arise merely from inconvenience, nor is it determined by choice.” (Emphasis supplied.)
Defendant’s contention that plaintiff has a more direct and shorter way over the Withrow property to the south to the George Road is immaterial and constitutes a matter of no importance under the facts in the instant case. When defendant came into court, unreservedly and without qualification, in answer and in oral testimony, and, in effect, tendered to plaintiff a right of passage over his land as had existed over the years, he thereby conceded, inferentially at least, if not expressly, that plaintiff is entitled to a right of passage over his land to the Old Shreveport-Dixie Highway. Dove v. O’Bannon, 4 La.App. 374; Davis v. Millaudon, 14 La.Ann. 868; Southern Mutual Insurance Co. v. Pike, 34 La.Ann. 825; Martini v. Cowart, La.App., 23 So.2d 655. Moreover, the existence of the right of way in its present location for so many years is a strong corrobative circumstance supporting the testimony that the location is one which may be used during all seasons of the year, in contrast to which the testimony shows that the suggested way over the Withrow property is through low lands and over drainage ditches and could only be considered as a dry weather road. In Littlejohn v. Cox, 15 La.Ann. 67, the rule is laid down to the effect that in the exercise of the right of passage the road should be located in a place where it would be least injurious to the person in whose estate the passage is granted, but at the same time proper regard should be given to the interests of the parties claiming the right of way.
Further, in Mercer v. Daws, La.App., 186 So. 877, it was held that the aforesaid article, together with LSA-C.C. Art. 700, the latter as concerns the location of a servitude for the right of passage, must not be construed with unbending strictness, otherwise, many instances would occur where the cost of an outlet would be prohibitive. A reasonable construction was held proper.
The conclusion is inescapable there is now in existence, available to plaintiff and for his use, a right of passage over and across defendant’s property to the highway, access to which is sought by plaintiff. This way of passage has existed for many years and was extensively used by not only plaintiff but his predecessors. Therefore, LSA-C.C. Art. 699 is without application under the language of the article giving it effect to an owner whose estate is enclosed but “who has no way to a public road.”' That plaintiff’s use thereof may have been restricted to a limited extent by means of installation of gates and to plaintiff’s inconvenience does not alter the situation where he is afforded a right of passage which meets the needs of himself, his employees and equipment. Should plaintiff’s use of said right of passage be so impeded by the installation or padlocking of the gates or by other obstructions, or the plowing up or cultivation of his right of way, plaintiff would, of course, not be without adequate remedy. Inasmuch as plaintiff has available for his use and is actually using a right of passage across defendant’s property to the public highway, under the clear provisions of the aforesaid Codal article, he could not acquire more if successful in this action. However, plaintiff’s demands should not be rejected outright and be thereby concluded but his rights should be reserved to again institute action should future facts and circumstances warrant and justify the same, such as in the case of deprivation or obstruction of his right of passage, or where his use is so impeded as to deprive him of such right. We may point out, however, that the fact of the erection of the gates and plaintiff’s complaint by reason of inconvenience thereof was not made an issue in this case.
Defendant’s reconventional demands must also be rejected inasmuch as plaintiff *234 has not by this proceeding acquired any right of passage across defendant’s lands nor has defendant been occasioned any damage by plaintiff’s action.
Accordingly, for the reasons assigned, the judgment appealed is annulled, avoided, reversed and set aside, and it is now ordered, adjudged and decreed that plaintiff’s demands, as well as defendant’s reconven-tional demands, be rejected and dismissed as of nonsuit and that the plaintiff-appel-lee pay all costs, including the cost of this appeal.
Reversed and rendered.