YARRUT, Judge
(dissenting).
I am constrained to dissent from the majority opinion affirming the judgment of the district court which maintained the pleas of prescription of one and two years against the third-party action filed by defendant carrier. The pleas should have been overruled.
The essential allegations of both primary and third-party petitions are correctly stated by the majority opinion, but for brief repetition they are: That plaintiff delivered a carload of scrap iron to defendant to await instructions. Instead, defendant delivered it to the third-party defendant who, in error, loaded it on board a ship for transshipment. Plaintiff contends this was a violation of its contract of carriage, and prays to recover the market value of the scrap iron from defendant.
After pleading a general denial, defendant filed a third-party action making Southern Scrap Materials Co., Ltd., third-party defendant, in which it alleged the shipment was delivered to third-party defendant in error. Defendant then prayed for the same judgment against its third-party defendant as may be rendered against it in the main demand.
Third-party defendant’s pleas of prescription of one and two years are based on the contention that third-party plaintiff’s suit seeks recovery of the value of the scrap iron, instead of its restoration, which characterized it as a suit ex delicto, prescribed by one year; or alternatively, then two years under LSA-R.S. 45:1100, making claims by or against a carrier prescribe in two years from date of shipment. Prior to LSA-R.S. 45:1100, the period was ten years. Sizeler v. Employers’ Liability Assur. Corp., 102 So.2d 326.
In this case plaintiff’s suit was filed within two years, but more than one year after the contract of carriage.
Plaintiff’s suit is clearly one for breach of contract and was filed in time. The third-party action, tracking plaintiff’s prayer for relief, is clearly quasi ex contractu and, between it and the third-party defendant, is governed by the prescription of 10 years. LSA-C.C. Art. 3544.
The statutory prescription of two years under LSA-R.S. 45:1100 is applicable only to those who are direct parties to the contract of carriage (consignor, consignee and carrier).
The LSA-Civil Code Articles, covering quasi contracts, clearly define them as follows :
“Art. 2301. He who receives what is not due to him; whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it.”
“Art. 2312. If the thing unduly received is an immovable property or a corporeal movable, he who has received it, is bound to restore it in kind, if it remain, or its value, if it be destroyed or injured by his fault; he is even answerable for its loss by fortuitous event, if he has received it in bad faith.”
“Art. 2313. If he who has received bona fide, has sold the thing, he is bound to restore only the price of the sale.
“If he has received in bad faith, he is bound besides this restitution to indemnify fully the person who has paid.”
The allegations of plaintiff’s petition are that a shipment of scrap iron was delivered in error to third-party defendant, which apparently has been lost, so plaintiff sues for its value. In not asking first for the return of the scrap iron, but simply for its value, *85 third-party defendant contends defendant has thereby elected to sue for damages ex delicto, subject to the one-year prescription. The majority opinion cites authorities to the effect that a demand for value is one ex delicto not ex contractu or quasi ex con-tractu. None of these authorities involve claims against a carrier of freight, whose liability for loss or damage is fixed by statute, giving no choice to the shipper. Hence, any demand for loss or damage to the shipment must necessarily be ex con-tractu.
The measure of damage for loss or failure of carrier to deliver is fixed by law as the fair market value of goods at place of. destination at time when delivery should have been made. Piazza v. Louisiana & A. Ry. Co., La.App., 46 So.2d 670; LSA-R.S. 45:-913-1099.
We have no doubt that the third-party demand, tracking that of plaintiff, is based on a quasi-contract as clearly expressed in the case of Broussard v. Friedman, La.App., 40 So.2d 669, as follows:
“ * * * His liability under such circumstances is fixed by the terms of Article 2301 of the Civil Code, which obliges the one who has received ‘what is not due to him, whether he receives it through error or knowingly * * * to restore it to him from whom he has unduly received it.’ Articles 2312 and 2313 we believe also to be pertinent to the issue involved. The first of these two articles as far as it applies, reads as follows: ‘If the thing unduly received is an immovable property or a corporeal movable, he who has received it, is bound to restore it in kind, if it remain, or its value if it be destroyed or injured by his fault; * * *.’ The second provides that ‘if he who has received bona fide, has sold the thing, he is bound to restore only the price of the sale. If he has received in bad faith, he is bound besides this restitution to indemnify fully the person who has paid.’
“Nowhere in his petition does plaintiff charge the defendant with having wilfully done anything wrong or illegally caused him injury or damage. He does not allege bad faith or even a lack of good faith on his part in having sent his men to his brother’s property to pick up the roller mill. The bona fides of the one receiving the property seems to be an important factor in applying the provisions of the various articles of the Civil Code which we have cited. * * * ”
There can be no question that third-party defendant, if unable to restore the scrap iron itself, is bound for the price. Inability to restore in kind is peculiarly within third-party defendant’s knowledge. It must offer to restore and, if unable to do so, must pay the value. It would be vain and useless for a plaintiff to first demand the return of his property, before asking for the value, when his petition creates a prima facie case that his property has been lost. The burden of proof is on third-party defendant. Kramer v. Freeman, et al., 198 La. 244, 3 So.2d 609; City National Bank of Baton Rouge v. Louisiana Sav. Bank & Trust Company, 216 La. 262, 43 So.2d 602.
If plaintiff’s main action were prescribed, then the third-party petition would, on its face, state no cause of action.
As the suit of plaintiff, shipper, was filed within two years against the carrier, the liability of any third-party to the carrier is-subject to the 10-year prescription under LSA-C.C. Art. 3544.
The case of Douglas v. Haro, 214 La. 1099, 39 So.2d 744, cited in the majority opinion, is inapposite here. In that case a garage owner brought suit in tort within a year against a third party who damaged the owner’s automobile in a highway collision while in possession of and being driven by the garage owner’s employee. All that the Court held in that case was that the owner of the automobile had to be made a party to the suit to avoid a multiplicity of actions, without expressly passing on whether or not *86 a depositary has sufficient interest alone to maintain an action for the possession of the deposit wrongfully taken from him. In the cited case the depositary sued in tort. Here the suit is quasi ex contractu; and no question of prescription was involved in the cited case.
The judgment of the district court maintaining the plea of prescription against the third-party action was erroneous and should be reversed and the case remanded for trial.