HEARD, Judge.
Eric L. Mays instituted this suit against Albert M. Rives III to fix the boundary between their adjoining properties and be granted a right of passage across defendant’s property now being used. Plaintiff further seeks damages allegedy incurred when defendant cleared out a right of way across the common boundary pushing trees, bushes, dirt and other debris onto plaintiff’s property. Plaintiff appealed from a judgment rejecting his demands. It was stipulated that the parties have agreed on the boundary and this is no longer an issue.
Errors specified by appellant are (1) that the court erred in failing to find that the location of the roadway servitude should be the existing road across defendant’s property; (2) in finding that the best location of plaintiff’s servitude was across land adjoining plaintiff’s land to the north; and (3) in holding that plaintiff had not proven damages from defendant’s trespassing.
*793 It was established by the evidence that plaintiff and his wife are owners of property located in DeSoto Parish described as
The Southeast Quarter (SE }4) of the Southwest Quarter (SW J4) oí Section Seven (S-7), Township Thirteen North (T13N), Range Fourteen West (R14W).
Defendant Rives owns land adjoining Mays’ land on the west and on the south. Since 1953 Mays has used a road from his home across Rives’ pasture to reach a public road. There are two gates across this road, one on Rives’ property and one across the cattle gap at the entrance to Mays’ property. Rives locked the gate on several occasions preventing Mays’ access to the public road from his home across Rives’ pasture. There is an unimproved road leading from the edge of plaintiff’s property on the north to Ranchland Acres Subdivision, which is shorter than the one through defendant’s property. Plaintiff asserts that although both roads are unimproved the road across defendant’s property is a better road.
Mrs. Vivian Mays, mother of plaintiff, stated that the property was bought by her and her husband in 1955 or 1956; that originally they reached their property from the road on the north. When her husband died she was given the right to cross defendant’s property and she liked this road better because trees had begun to grow up in the old road. She was of the opinion that access to the public road could still be had from paintiff’s property through Ranchland Acres Subdivision.
A consulting forester, Mr. Marvin Hall, stated that he investigated the property and prepared a plat which is introduced as D-l on which he shows three routes to plaintiff’s property, numbered 1, 2 and 3. Route 2 was to plaintiff’s property on the north through Ranchland Acres Subdivision. Mr. Hall stated that it was the shortest route by approximately half of a mile. There were no obstructions on the route which would prevent travel. Relative to this issue LSA-C.C. Arts. 699 and 700 state:
“Art. 699. The owner whose estate is enclosed, and who has no way to a public road, railroad, or a tramroad may claim the right of passage on the estate of his neighbor or neighbors to the nearest public road, railroad, or a tramroad and shall have the right to construct a road, railroad or tramroad according to circumstances and as the exigencies of the case may require, over the land of his neighbor or neighbors for the purpose of getting the products of his said enclosed land to such public road or railroad, tram-road or for the cultivation of his estate, but he shall be bound to indemnify his neighbor or neighbors in proportion to the damage he may occasion,”
“Art. 700. The owner of the estate, which is surrounded by other lands, has no right to exact the right of passage from which of his neighbors he chooses.
“The passage shall be generally taken on the side where the distance is the shortest from the inclosed estate to the public road.
“Nevertheless, it shall be fixed in the place the least injurious to the person on whose estate the passage is granted.”
It is clearly shown that the road to the north of plaintiff’s property is the shortest road to the highway. It is unimproved, although passable and could be used.
Appellant asserts that the inconvenience and cost to the party claiming the right of way should be taken into consideration, citing Martini v. Cowart, La.App., 23 So.2d 655 (2d Cir. 1945) wherein the court found that it was “the evident intent of defendant to put plaintiff to all the trouble possible.” There is no evidence that this is true in the present case.
Plaintiff further asserts that defendant, without the knowledge and consent of plaintiff, employed a bulldozer operator to clear brush and trees from the boundary line on the west side of plaintiff’s property to construct a new fence. In clearing the bound *794 ary the dozer operator pushed trees, brush and dirt onto plaintiff’s land in the path of the natural water drainage, thereby-blocking and obstructing the natural flow of the water from defendant’s land to plaintiff’s land.
Mr. Rusty Williams, an earth moving contractor, testified that about half of the property line is covered by debris and estimated it would cost about $600 to level the dirt and get it out of the way. In his. opinion it would take about two days to. burn the debris and brush. He further testified that in order to clear it up he would have to clear some of the additional land, and that all he went in to look for was what it would require to bring the debris out and clean up.
Mr. Marvin Hall, a consulting forester, testified he inspected the area and found that pulpwood had recently been cut from plaintiff’s property. Treetops were still on the ground but that he failed to see where the land had been damaged by the brush and trees being pushed down to build the fence. He found no damage to the land or drainage.
Plaintiff stated that he didn’t know how much timber was pushed down on his property and that there had been no damage from the debris.
The trial court found that plaintiff had failed to prove any damages by a preponderance of the evidence. In this ruling we find no manifest error.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s cost.