DOMENGEAUX, Judge
(dissenting).
I agree with the majority as to its holding with regard to the plaintiff Austin Patin being entitled to a right of passage over the estate of his neighbor, the defendant Dennis Richard, but respectfully disagree as to the applicability of LSA C.C. Article 701 to the facts of the case.
In my opinion Civil Code Article 701 is clear and should be read in context with the preceding Articles 699 and 700, all under the subsection of the Code dealing with the servitude of the right of passage and of way which is imposed by lav/.
Article 699 states that the owner of an enclosed estate may claim the right of passage on the estate of his neigbor(s) to the nearest public road, etc. Article 700 further indicates that the passage theretofore mentioned in Article 699 should generally be taken on the side of the subservient estate where the distance is the shortest from the enclosed estate to the public road, but that nevertheless, it should be fixed in the place least injurious to the owner of the estate owing the servitude.
Article 701, in my opinion, gives a limited exception to this rule that the right of passage is to be suffered by the neighboring estate which affords the shortest and most direct route to a public road. Under Article 701 the subservient landowner is bound to furnish a gratuitous passage, but only when the requisites of the article are met. First, there must be a landowner, etc. who has sold, etc. a portion of his estate which in so doing encloses that sold portion with no way to a public road. Second, the landowner must have reserved a remaining portion of the land [third] over which a right of passage had before been exercised. See Brown v. Terry, 103 So.2d 541 (La.App. 1st Cir. 1958); Bourg v. Audubon Park Commission for City of New Orleans, 89 So.2d 676 (La.App.Orl. Cir. 1955).
None of the requisites are present under the factual situation in our case. Herein, the plaintiff Austin Patin, the defendant Dennis Richard, and Harold Savoie are owners of adjacent lots at Holly Beach in Cameron Parish which were once a *886 single tract of land owned by a person named Constantin. At a common sale in 1949 Constantin disposed of the lots to (a) Lawrence Savoie, who sold it to his son Harold in 1957, (b) Clarence Savoie, a cousin to Lawrence Savoie and ancestor in title through several buyers finally to the defendant Richard by sale in 1970, and (c) Paul Miller, ancestor in title to plaintiff Patin by sale in 1967. Camps were built on the properties as far back as 1949 with a passageway along the western edge of said lots which had been used by the camp occupants to get to the nearest public road from that date until the present dispute, wherein defendant Richard built a fence along the southern boundary of his property thereby cutting off plaintiff’s customary access to his camp. Thus it was only after a common sale to the three aforementioned parties that any of the lots became enclosed and a right of passage was exercised. Therefore, I am of the opinion that Article 701 is inapplicable.
In addition, I respectfully suggest that the distinction made by the majority between Civil Code Article 701 and Articles 699 and 700 [i. e. that Articles 699 and 700 are concerned with fixing a right of passage where there has been none before, while Article 701 concerns itself where a passage has existed before] is without merit. I agree, as aforementioned, that Article 701 is applicable only where a theretofore right of passage had existed, in addition to the other two requisites. But a perusal of the jurisprudence indicates to this writer that the following cases have applied Articles 699 and 700 in establishing a right of passage over a theretofore used right of way. Pittman v. Marshall, 104 So.2d 230 (La.App. 2nd Cir. 1958), Martini v. Cowart, 23 So.2d 655 (La.App. 2nd Cir. 1945).
However, to reiterate, I am in complete agreement that plaintiff should be granted a right of passage over those land(s) which will afford the shortest route to a public road. LSA C.C. Arts. 699, 700; see also Vermilion Parish School Board v. Broussard, 263 La. 1104, 270 So.2d 523 (1972); Mays v. Rives, 267 So.2d 792 (La.App. 2nd Cir. 1972). But this should be determined under Article’s 699 and 700 and the plaintiff is obliged to indemnify his neighbor(s) in proportion to the damage sustained.
Although without so holding, the trial judge concluded plaintiff could use the adjoining property of his neighbor, A. J. Reaux (not made a party defendant) almost as easily as that of defendant, and that such use would create less of an imposition upon Reaux than on the defendant. However, admittedly, the shortest route by about 35 or 40 feet is over defendant Richard’s land as well as that of Harold Savoie. In addition said passageway has been used for almost a quarter of a century. I do not interpret Articles 699 and 700 or the jurisprudence thereon to mean, as apparently the trial judge concluded, that the passageway shall be fixed upon the person’s land whom will be least injured or inconvenienced by the fixing. The articles clearly reflect that it is to be fixed upon the estate over which the distance is shortest to the public road. It is then that the question of the least injurious place comes into consideration. See LSA C.C. Art. 700.
■ But as noted by the trial judge, passage cannot in fact be granted to the nearest public road inasmuch as Harold Savoie was not made a party to this suit. See Vermilion Parish School Board v. Broussard, supra; Rockholt v. Keaty, 256 La. 629, 237 So.2d 663 (1970). Without Savoie being made a party all we could grant is a passage to the nearest neighbor which is not provided for in the aforementioned articles. However, it is clear from the record that Harold Savoie is very agreeable to the continued use of the passageway over the western edge of his lot. Therefore I think it appropriate to remand the case first so as to allow Savoie to be made a party hereto, and also with instructions to the district judge to fix the right of passage and its width; [from a reading of the articles, jurisprudence related thereto, and the facts herein, the only place where the passageway could be fixed is where it has been for the past *887 22 or 23 years] and to set damages occasioned by Richard and Savoie. We are explicitly given this right to remand under LSA C.C.P. Art. 646 as well as under the equity article, LSA C.C.P. Art. 2164. See also Douglas v. Haro, 214 La. 1099, 39 So.2d 744 (1949).
For the above and foregoing reasons the judgment of the trial court should be reversed and this case remanded in accordance with the aforementioned instructions.
I respectfully dissent.