BOLIN, Judge,
Plaintiff, alleging his land was enclosed, petitioned the court to establish judicially his right of passage across defendant’s property to the nearest public road. Defendant’s exception of no cause of action was sustained, plaintiff’s suit was ordered *1080 dismissed, and he appeals. We agree the exception should have been sustained, but we grant plaintiff an opportunity to amend his petition.
The landowner whose estate is enclosed and who has no way to a public road may claim a right of passage over the estate of his neighbor to the nearest highway. Louisiana Civil Code Article 699.
Although plaintiff has alleged his land is enclosed, he fails to plead he has no way to a public road. Rather, his petition shows he and his ancestors in title have used an existing road across defendant’s property for a period in excess of 70 years. As defendant pointed out in his exception of no cause of action, plaintiff has not alleged his use of this road has been interfered with or in any way abrogated.
The trial court in written reasons for judgment upheld the exception relying on Pittman v. Marshall, 104 So.2d 230 (La.App. 2d Cir., 1958). In Pittman the court, faced with facts similar to those before us, stated:
The conclusion is inescapable there is now in existence, available to plaintiff and for his use, a right of passage over and across defendant’s property to the highway, access to which is sought by plaintiff. This way of passage has existed for many years and was extensively used by not only plaintiff but his predecessors. Therefore, LSA-C.C. Art. 699 is without application under the language of the article giving it effect to an owner whose estate is enclosed but “who has no way to a public road.” .
We agree with the trial court that plaintiff’s petition fails to state a cause of action under the rationale of Pittman. This conclusion is strengthened by the decision in the earlier case of Robinson v. Herring, 20 So.2d 801 (La.App. 2d Cir., 1944) which held, in the context of a similar factual situation, that an exception of no cause of action should have been sustained. In construing La.C.C. Art. 699, the court said:
The provisions of this article may only be availed of, as appears therefrom, when the enclosed owner has no way to a public road. Unless such owner finds himself in this predicament, of course, he has no right to invoke the aid of a court to adjudge to him a servitude of passage to a highway over intervening lands. (Emphasis added)
We find the exception of no cause of action was properly sustained. However, in plaintiff’s brief he states that the point of this entire case is that defendant has prohibited plaintiff from improving the dirt road which has deteriorated and become impassable. Thus it is apparent that the grounds of the objection pleaded by the peremptory exception could be removed by amending the petition. The judgment sustaining the exception failed to allow plaintiff a time within which to amend his petition in order to supply the omissions, as required by Louisiana Code of Civil Procedure Article 934:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed. (Emphasis added)
Notwithstanding plaintiff’s failure to avail himself of his opportunity to amend his petition in order to supply the deficiency, we choose to follow the mandate of La.C.C.P. Art. 934 under the particular facts of this case.
Accordingly, the judgment is amended to grant appellant fifteen days from the finality of this judgment within which to amend his petition, failing which the dismissal of the suit shall become final. In all other respects the judgment is affirmed at appellant’s cost.