REDMANN, Chief Judge,
dissenting in part.
The award to plaintiff of the damages to her aunt’s automobile should be affirmed. Both plaintiff and her aunt testified that it *1146 was agreed by them that plaintiff would reimburse her aunt. The aunt’s testifying at the trial in support of plaintiff’s demand for those damages and forbearing to bring suit in her own name for those damages necessarily implies either (1) that their own pre-accident understanding was something more than simple deposit of the car, and created something on the order of a no-exceptions obligation to return the car in good condition, in which case plaintiff is subro-gated by La.C.C. 2161(3); or (2) that plaintiff herself contracted to pay those damages to the aunt in return for the aunt’s inescapably implied assignment to her, although unwritten (it need not be in writing), of the aunt’s right to recover from defendant; or (3) that plaintiff was her aunt’s authorized attorney-in-fact to sue for those damages. Under any of those theories plaintiff is a party in interest and therefore entitled to recover. It is simply undeniable, in this case, on this record, that the car owner, present in court in person and testifying in support of plaintiff’s presentation of the claim for damages, expected plaintiff to recover those damages from defendant (and to reimburse the owner).
The circumstances of the present case are unlike those of earlier cases denying recovery to a depositary with no obligation to repair and no subrogation. But even in cases of the theoretically unobliged and un-subrogated depositary, a garageman has been allowed to recover; Douglas v. Haro, 214 La. 1099, 39 So.2d 744 (1949); Standard Motor Car Co. v. State Farm Mut. A. Ins. Co., 97 So.2d 435 (La.App. 1 Cir.1957). The garagemen in those cases had in fact already repaired the damage, while our plaintiff had not. But our plaintiff very evidently had some agreement, supported by lawful cause within C.C. 1893, to reimburse the owner for the damages. She is therefore a proper party in interest and ought to recover.