SCHOTT, Judge,
dissenting in part:
Although the general rule is that only the owner of the thing damaged has a right of action for the damages, Lambert v. Donald G. Lambert Const. Co., 370 So.2d 1254 (La.1979) and Forcum-James Co. v. Duke Transportation Co., 231 La. 953, 93 So.2d 228 (1957), there is an exception in the case of a depositary, Douglas v. Haro, 214 La. 1099, 39 So.2d 744 (1949) and Standard Motor Car Co. v. State Farm Mut. A. Ins. Co., 97 So.2d 435 (La.App. 1st Cir.1957). This is so for the very practical reason of preventing an injustice to the depositary. If a thing is damaged while in his care there is a presumption of fault on his part under C.C. Art. 2945 and the depositor has ten years to bring an action against him under Art. 3544. On the other hand, the depositary has only one year to bring an action against the tort feasor who damaged the thing deposited. Art. 3536. If the depositary is prevented from claiming the damage against the tort feasor he is vulnerable to a suit based on presumed liability to the depositor long after his action against the tort feasor has prescribed and his position may be seriously weakened with the departure of witnesses and fading memories.
I would apply the exception to the instant case of a borrower whose position under C.C. Arts. 2898 and 2902 is much the same as a depositary and affirm the trial court’s award to plaintiff of the damage to the automobile owned by her aunt.