MARCUS, Judge.
This is an action in which plaintiffs Joseph F. Rockholt, John I. McCain and *77 Charles F. Duchein have sought a right of passage over the land of the defendant under Article 699 et seq., of the Civil Code. The plaintiffs originally owned a tract of land in East Baton Rouge Parish containing 35.521 acres. However, the State Highway Department expropriated a 300 foot strip, consisting of 7.211 acres, across plaintiffs’ property leaving a northern portion of 17.954 acres and a southern portion of 10.308 acres. The northern portion is the tract of land involved in this litigation. It is trapezoidal in shape and is surrounded on the west by the lands of the defendant and Keaty Place Subdivision, on the north by the lands of Drusilla Place Subdivision, on the east by property belonging to Coastal Rentals Corporation and on the south by the right-of-way for Interstate 12. By judgment dated February 2, 1965 in the matter of State of Louisiana, Through the Department of Highways v. Joseph F. Rockholt, et al., No. 93,840 Nineteenth Judicial District Court, Parish of East Baton Rouge, plaintiffs herein were awarded $92,816 for the property expropriated, damages to the remainder, and engineering fees.
Subsequently, plaintiffs filed this suit under Article 699 of the Civil Code claiming a servitude of passage over the land of the defendant. Since the highway which bisected plaintiffs’ property is a non-access interstate highway and since there are no public roads touching the northern portion of plaintiffs’ property, it is alleged that the action of the Highway Department caused plaintiffs’ property to become “landlocked” thereby entitling them to relief under the provisions of the aforementioned Civil Code Article. By this suit they seek a 50 foot servitude across the corner of defendant’s property bordering on the right-of-way for Interstate 12 to other property owned by the plaintiffs from which an outlet may be secured to Drusilla Drive.
An exception of no cause of action together with a motion for summary judgment was filed by defendant. The motion for summary judgment was based upon the following grounds: (1) The property of the plaintiffs is not an “enclosed” estate within the meaning of Article 699 of the Civil Code. (2) Alternatively, plaintiffs would only be entitled to a servitude of passage to the nearest public road which is not across the land of defendant. (3) Further alternatively, plaintiffs have no plans, proposals, or immediate use for their property and, therefore, have shown no necessity for the servitude sought. (4) In the further alternative, plaintiffs have already been fully compensated by the Department of Highways for damages caused by the loss of the right to ingress and egress and, as such, have no claim against the defendant. The exception of no cause of action was based upon the first ground relied on in defendant’s motion for summary judgment i.e. that plaintiffs’ property is bordered by a public road and, therefore, the plaintiffs are not entitled -to a right of passage under R.C.C. Article 699.
The court below rendered judgment sustaining the exception of no cause of action and granting the motion for summary judgment and dismissing the plaintiffs’ suit. From this judgment, the plaintiffs have perfected this appeal.
In his written reasons for judgment, the trial judge found the case of English Realty Company v. Meyer, 228 La. 423, 82 So.2d 698 (1955) was “on all fours with the present case” and concluded that Article 699 does not apply where property is bordered by a public road even where the public road is a limited access highway. He further concluded that in such a case the remedy of the landowner is against the public authority (Highway Department) and not against the adjacent landowner. He stated further that in this case the plaintiffs had their remedy against the Highway Department and that his court was the same trial forum in the expropriation suit where plaintiffs were awarded damages for their loss of ingress and egress from the property involved in this litigation..
*78 Accordingly, the first issue that this Court must determine is the applicability of Article 699 to the facts of this case. If it is decided that this Article does not apply, the alternative arguments of defendant are of no moment.
Article 699 of the Civil Code provides:
“The owner whose estate is enclosed, and who has no way to a public road, a railroad, a tramroad or a water course may claim the right of passage on the estate of his neighbor or neighbors to the nearest public road, railroad, tram-road or water course and shall have the right to construct a road, railroad or tramway according to circumstances and as the exigencies of the case may acquire (require), over the land of his neighbor or neighbors for the purpose of getting the products of his said enclosed land to such public road, railroad, tram-road or water course, or for the cultivation of his estate, but he shall be bound to indemnify his neighbor or neighbors in proportion to the damage he may occasion. As amended Acts 1916, No. 197.”
The English Realty case relied upon by the trial judge involved a similar type suit to obtain a right of passage under Article 699. In that case the plaintiff originally owned an 18 acre tract of land in the City of Shreveport which bordered the Linwood Overpass. Plaintiff then sold off various parts of this land, retaining only about a 5 acre tract which formed a triangle bounded by the railroad right-of-way on one side and the Linwood Avenue approach to the viaduct on the other, and on the south by lands which plaintiff had previously sold to defendants. Plaintiff’s land fronted 700 feet on Linwood Avenue, most of which was below the level of the ramp leading over the viaduct with 43 front feet which was on the same level as the adjacent highway. Plaintiff contended that its property was landlocked as the City of Shreveport would not allow it access into Linwood Avenue and accordingly that it was entitled to a right of passage over defendant’s property to the nearest public road. Defendants filed an exception of no cause of action which was overruled by the trial court. The case was ultimately tried on the merits and the trial judge granted plaintiff a servitude across the front of defendants’ property and assessed damages against plaintiff for the value of this right of passage. The Supreme Court reversed the trial court by sustaining the exception of no cause of action originally filed by defendants. In discussing the applicability of Article 699, the Court stated:
“The point appears to be well taken, for, even if it be assumed that defendants are incorrect in their position that the abutment of the land to the railroad property renders the codal article irrelevant to the case, it is difficult to perceive how the property can be adjudged to be “inclosed” when it fronts on Linwood Avenue, a public road. Enclosed estates, as envisioned by the Articles of the Code embraced in Section 5 of Chapter 3 of the Title ‘Predial Servitudes’, means lands shut off from access to public roads and the like by reason of their being entirely surrounded by other lands. This is made clear by Article 700, which provides for the manner in which the right of passage is to be located. It states ‘The owner of the estate, which is surrounded by other lands, * * * ’ and Article 702 declares that ‘A passage must be furnished to the owner of the land surrounded by other lands * * *.’ Thus, lands abutting a public road cannot be regarded as being within the purview of Article 699.” (Page 700).
The City of Shreveport had designed Linwood Avenue as part of an expressway or as a limited access highway and had denied plaintiff access thereto from its property. Plaintiff contended that since the refusal of the city to grant plaintiff access to the public road was entirely justified under the circumstances, Article 699 should apply as its land was enclosed for all intents and purposes. The Supreme Court rejected *79 this argument by holding that neither the State nor its political subdivision has the legal right to deny an abutting property owner all access to the adjoining highway without due compensation. In this connection the Court went on to say:
“The foregoing demonstrates, we believe, the unsuitability of Article 699 in any case wherein the land alleged to be enclosed borders on a public road. In such matters, the abutting proprietor has his remedy against the public authority and its refusal to accede to a demand for access, even if justified, does not warrant the invocation of Article 699 of the Code on the theory that such denial of access creates an enclosure and that, therefore, the adjoining land must be burdened with a servitude in order that passage to the same public road may be assured.” (Page 701).
Plaintiffs in the case at bar argue against the English Realty case in the following respects. First, they contend that by our affirming the results of the district court, the State will have to pay the full value of the remainder of a tract which has been severed and left enclosed as a result of an expropriation for a non-access interstate highway. They claim that this will follow since normally there will be little or no use to which property can be put which does not have means of ingress and egress thereto. Secondly, plaintiffs contend that since this case involves an interstate highway, they have no remedy against the public authorities for a right of access to the abutting highway under LSA-R.S. 48:301 et seq., and 23 U.S.C.A. § 111. Thirdly, it is contended that the damages awarded to the plaintiffs in the expropriation suit were inadequate and did not fully compensate them if they are without a right to seek a servitude of passage across the land of the defendant under Article 699. Further, it is argued that the fact that plaintiffs’were awarded damages in the expropriation suit is immaterial to the right vel non of an enclosed property owner to a servitude of passage under Article 699. It is further contended that the facts in the English Realty case reveal that the plaintiff caused its property to become enclaved through its own acts whereas in the present case the enclosure did not result as a consequence of the voluntary acts of the parties seeking relief but was a direct result of the expropriation of the right-of-way for Interstate 12. Finally, denying landlocked owners the right to secure an exit from their enclosed property to a public way would result in the creation of unproductive pockets of land. This situation would tend to keep land out of commerce which is contrary to public policy.
Arguments set forth by able counsel for plaintiffs could only have merit if we were to interpret Article 699 of the Civil Code differently than the Supreme Court did in the English Realty case. It is our opinion that the issues in that case are similar to and determinative of the issues in this case. We feel that the Supreme Court clearly held that property which fronts on a public road is not an “enclosed” estate within the meaning of Article 699. Furthermore, a public authority has no legal right to deny an abutting property owner all access to the adjoining highway without due compensation. However, in the event the public authority refuses to accede to a demand for access, the remedy of the abutting property owner is against the public authority and not against the adjoining property owner under Article 699. It should be observed that plaintiffs in this case had their remedy against the public-authority (Highway Department) in the expropriation suit wherein damages were awarded for the loss of ingress and egress to their property. The adequacy of that award addresses itself to those proceedings and should not be a basis for relief sought herein. The issues here are determined by the law as set forth in Article 699 of the Civil Code as interpreted by the Supreme Court in English Realty Company v. Meyer, supra.
*80 For the foregoing reasons, we conclude that Article 699 does not apply in this case. Accordingly we affirm the judgment of the trial court in sustaining the exception of no cause of action and granting, the motion for summary judgment. Costs of this appeal are assessed against plaintiff s-appellants.
Affirmed.