237 So.2d 663

Joseph F. ROCKHOLT et al.

v.

Thomas S. KEATY.

No. 50157.

June 29, 1970.

Rehearing Denied July 30, 1970.

Breazeale, Sachse & Wilson, Robert P. Breazeale, James E. Toups, Jr., Baton Rouge, for plaintiffs-appellants.

Davidson, Meaux, Onebane & Donohoe, John G. Torian, II, Lafeyette, for defendant-appellee.

BARHAM, Justice.

In this suit plaintiffs seek a right of passage over the defendant's property for their land which became landlocked as a result of an expropriation for Interstate 12 in East Baton Rouge Parish by the State of Louisiana through the Department of Highways. The plaintiffs originally owned a 35.521-acre tract, but after the expropriation in full ownership of a 300-foot strip through the tract, their property was left in two separated segments, a southern portion of 10.308 acres and a northern portion of 17.954 acres. It is the northern portion of the property which is involved in this litigation. This tract, trapezoidal in shape, is surrounded on the west by the lands of the defendant and by Keaty Place Subdivision, on the north by Drusilla Place Subdivision, on the east by the land of Coastal Rentals Corporation, and on the south by the state highway, Interstate 12. (See map which is our composite, not drawn to scale, of maps contained in the transcript.)

Drusilla Place Subdivision

Wasson Street

Coastal Rental Corp.

Rockholt
(landlocked property)

Keaty Place Subdivision

Drusilla Drive

Keaty

746.01'

160.86'
Slope

Interstate 12

Rockholt

Shaded area is right of passage sought by plaintiffs

Relying upon Civil Code Articles 699 et seq., the plaintiffs alleged that their property was enclosed, and that they were entitled to a right of passage over the estate of their neighbor, the defendant Thomas S. Keaty, to the nearest public road. In their petition they recognized that Interstate 12 is the public road nearest to their property, but because it was a controlled-access highway, part of the National System of Interstate and Defense Highways, access to it had been denied in accordance with state and federal law. The right of passage sought is approximately 50 feet in width and crosses defendant's land at the corner bordering Interstate 12. This passage would give access not upon a public road but only to other property of plaintiffs at a point about 746 feet from Drusilla Drive, a public road. At the time of the filing of this suit there was no road on this other property to Drusilla Drive. However, this route is urged by plaintiffs to be the "shortest legally permissible and feasible passage to a public road" when cost, convenience, and practicality are considered.

The exception of no cause of action and the motion for summary judgment filed by defendant were sustained by the district court, and plaintiffs' suit was dismissed.

On appeal taken by the plaintiffs the Court of Appeal affirmed the judgment of the district court. 226 So.2d 76. Both courts held that Article 699 of the Code is not applicable. They concluded that property is not "enclosed" within the meaning of the article when that property borders a highway, even though the highway is access-controlled and allows neither ingress nor egress. Both courts cited and relied upon the case of English Realty Company, Inc., v. Meyer, 228 La. 423, 82 So.2d 698 (1955).[1]

Article 699 of our Civil Code granting private rights of way for roads of necessity (for authority, see Louisiana Constitution, Article 3, Section 37) reads:

"The owner whose estate is enclosed, and who has no way to a public road, a railroad, a tramroad or a water course may claim the right of passage on the estate of his neighbor or neighbors *to the nearest public road,* railroad, tramroad or water course and shall have the right to construct a road, railroad or tramway *according to circumstances and as the exigencies of the case may acquire [require],* over the land of his neighbor or neighbors for the purpose of getting the products of his said en-

[1]. The district court held, additionally, that the motion for summary judgment was justified since it was shown that a shorter route (or routes) to a public road existed and that under the codal and jurisprudential authorities this route must be taken except in unusual circumstances which were not shown to exist in this case. The Court of Appeal, finding merit to the argument that Article 699 had no application in this case, refrained from any discussion of this contention. This position has been urged, also, before this court.

closed land to such public road, railroad, tramroad or water course, or for the cultivation of his estate, but he shall be bound to indemnify his neighbor or neighbors in proportion to the damage he may occasion." (Emphasis supplied.)

This article and its predecessors in our earlier Codes are based upon Code Napoleon Article 682. In 1881, however, the French article was amended to allow a right of passage also to the owner of an estate whose way to the public road was insufficient for the exploitation of his land. Planiol makes the following comment about the 1881 amendment:

"In order to solve certain difficulties created by the original draft of the law, the 1881 law made these two rulings: (1) An estate must be deemed to be enclosed, not only when it has no issue upon the public road, but if it has merely an insufficient issue * * *. (2) The exploitation of the heritage of which the old law spoke must be deemed to apply to industrial exploitation as well as agricultural exploitation. These two solutions were however generally accepted before 1881." 1 Pt. 2 Planiol, Traité Élémentaire de Droit Civil (Transl.La.State Law. Institute, 1959), § 2920.

Planiol's comment is important for recognizing that the granting of the right of passage to enclosed estates for insufficient ingress and egress, as well as for no ingress and egress, was allowed prior to the 1881 amendment—that is, under the parent article of our Article 699. See 2 Fuzier-Herman, Code Civil Annoté (1936), annotation under Article 682, pp. 208–209, cases Nos. 68, 71, 72, 79, 81, and 82.[2]

Article 699 of our Civil Code has also been amended, but for a different purpose. In 1916 the article was changed to include right of passage for lack of access to railroads, tramroads, or watercourses and the right to build a railroad or tramroad as well as a road. The amendment also added: " * * * according to circumstances and as the exigencies of the case may acquire [require]." The purpose of this amendment was to allow construction of the proper facility needed in a particular case according to the circumstances and the exigencies of the case.

It is apparent that the French under their provision for passage from enclosed estates have from the beginning decided each case under its particular circumstances and have refused to reach for absolute legal pronouncements which would effect a restricted application of the law. We cannot be blind to the great change in the nature of land in our country and the needs of the people in regard to land since

2. The general exploitation or use of the land was also anticipated under the original French article. We, too, have liberally construed the manner of use of an estate which requires passage. Littlejohn v. Cox, 15 La.Ann. 67 (1860).

the adoption of our original provision. The open country and estates then in existence have rapidly disappeared, and the problems of access to estates for full utilization of them have become more complex. Additionally, estates surrounding enclosed lands may by the very nature and method of their development pose problems in affording access to the enclosed lands not foreseen or contemplated by the adopters of the Code article. The situation which brings this case to our attention—that is, the development of public roads, freeways, and expressways which necessarily deny access to abutting property owners—is of recent vintage.

Although the English Realty Company case said that the State had no right to deny abutting property owners access to a highway, it is now legislatively well settled that the State or its political subdivisions may deny such property owners access to certain public roads. See La.R.S. 48:301 et seq.; 23 U.S.C. 111. We also distinguish that case from the matter before us. The English Realty case cannot extend beyond the holding applicable to its particular facts. There the plaintiff purchased property *after* the building of an overpass and with knowledge of the limited accessibility afforded a portion of his property because of the highway construction. He then sold off various parcels of land until the remaining portion did not have adequate ingress and egress for a trucking business. The court in the English Realty case refused to let the plaintiff benefit from Article 699, holding that the enclosure was " * * * not a direct consequence of the location of the land but of the act of the party seeking the relief".

▇▇ In the instant case plaintiffs' property is enclosed by reason of the superior power of the State to expropriate property and to build non-access highways along and through the property of individuals. Our interpretation of Article 699 leads us to the conclusion that plaintiffs' property has become "enclosed" within the contemplation of the article because of expropriation and the construction of a non-access public road.

The argument is made that the compensation paid by the Highway Department in the expropriation suit[3] fully compensated plaintiffs for their loss of ingress and egress, and that they should not be entitled to invoke Article 699. The loss of access was noted by the court in the expropriation suit, and some compensation for it was included in the amount awarded. Although we are not able to determine whether the award was for full compensation as though the parcel was totally landlocked forever,

3. State of Louisiana through the Department of Highways v. Joseph F. Rockholt et al., Docket No. 93840, Nineteenth Judicial District Court, Parish of East Baton Rouge (1963).

such a determination is not necessary. We are of the opinion that public policy would dictate that such land as is here involved, located in a desirable and strategic area, should not be taken out of use and commerce.

While Article 699 has been generally accepted as designed to benefit the landowner so he could produce profit for himself and obtain full utility of his land, it must now be deemed also to offer protection of public interest. As land becomes less available, more necessary for public habitation, use, and support, it would run contrary to public policy to encourage landlocking of such a valuable asset and forever removing it from commerce and from public as well as private benefit.

We have found enclosure as required by Article 699, and we must now determine whether the particular relief for passage sought by these plaintiffs is granted by law. The nature of the passage is governed " * * * according to circumstances and as the exigencies of the case may acquire [require]". The right of passage granted is to "the nearest public road", subject to indemnification for damages occasioned to the neighbor or neighbors. Article 700 provides:

"The owner of the estate, which is surrounded by other lands, has no right to exact the right of passage from *which of his neighbors he chooses.*

"The passage shall be generally taken on the side where the distance is the shortest from the inclosed estate to the public road.

"Nevertheless, it shall be fixed in the place the least injurious to the person on whose estate the passage is granted." (Emphasis supplied.)

The passage sought by the plaintiffs here is not to a public road but to other land of the plaintiffs on which there is no public road. The record reflects that there are numerous points of abutment where passage to a public road may be obtained, the shortest being a distance of approximately 125 feet. Plaintiffs contend that these latter properties are subject to building restrictions which would negate the possibility of obtaining passage across them, and that therefore the route here sought is the "legally" shortest and most feasible. We are not impressed with this contention. These restrictions alone would not be controlling of a landowner's right to obtain passage from enclosed land across neighboring property. We find (1) that plaintiffs do not seek passage to a public road as required by the Code and (2) that there are shorter, more direct, and more feasible routes of passage to public roads.

Under the express language of Civil Code Article 700 plaintiffs are not entitled to the relief sought against this defendant. The plaintiffs' right in regard to passage over the property of other abutting land-

owners is not before us and must await adjudication in a suit to which these others are parties.

The judgments of the Court of Appeal and the district court are affirmed, but for the above stated reasons.

HAMITER, J., did not participate.

HAMLIN, J., is of the opinion a rehearing should be granted.