270 So.2d 523

**VERMILION PARISH SCHOOL BOARD**

v.

**Alphe BROUSSARD et al.**

**No. 52020.**

Dec. 11, 1972.

J. Minos Simon, Lafayette, for defendants-applicants.

Charles M. Thompson, Jr., Abbeville, for plaintiff-respondent.

BARHAM, Justice.

In this suit Vermilion Parish School Board seeks access to a public road across the land of the defendants for a tract of land owned by it which is surrounded on all sides by the properties of others with no means of ingress or egress. The School Board's property is Section 16 of Township 14 South, Range 1 East of Vermilion Parish. Access to the property was no problem as long as the defendants leased the School Board's land, but when the School Board leased the land to a third party, the defendants refused to allow the passage to the School Board or its lessee that defendants had previously exercised across their land to the Pine Island Road. This suit was then filed.

At the trial on the merits it was recognized by all concerned that the School Board's property was indeed enclosed, and that the School Board was entitled to a right of passage under Article 699 of the Civil Code. Three alternative means of passage were proposed by the defendants: The use of the Warren Canal which cuts through the School Board's property; the building of a road on the property of Joe E. Broussard to the Pine Island Road, or the linking up with the Motty Road. The district court rejected use of the Warren Canal, finding that it was not the type of

passage contemplated by the law. In its first judgment the district court granted the School Board a right of passage over the land of the defendants under a finding that this route was the least burdensome. The district court recalled that judgment, however, when a motion for a new trial was filed by the defendants, and rendered a second judgment dismissing the School Board's suit. In the reasons assigned for that judgment the district court recognized the Motty Road to be a public road by virtue of public maintenance for at least three years (R.S. 48:491). It held that the School Board was not entitled to a right of passage over the land of the defendants because the distance to the Motty Road was less than that to the Pine Island Road.

On appeal the Court of Appeal reversed the judgment of the district court. 254 So.2d 699. It held that Motty Road could not be found to be a public road without the owner of the land over which that road travelled being a party to the suit since such a finding would constitute a divestiture of ownership without giving the owner an opportunity to be heard. Concluding that the Motty Road could not be declared public in this suit, the Court of Appeal found that the School Board had sustained the necessary burden of proof to show it was entitled to a right of passage over the defendants' land to the Pine Island Road.

Articles 699 and 700 of the Civil Code read:

"Art. 699. The owner whose estate is enclosed, and who has no way to a public road, a railroad, a tramroad or a water course may claim the right of passage on the estate of his neighbor or neighbors to the nearest public road, railroad, tramroad or water course and shall have the right to construct a road, railroad or tramway according to circumstances and as the exigencies of the case may acquire [require], over the land of his neighbor or neighbors for the purpose of getting the products of his said enclosed land to such public road, railroad, tramroad or water course, or for the cultivation of his estate, but he shall be bound to indemnify his neighbor or neighbors in proportion to the damage he may occasion." [1]

"Art. 700. The owner of the estate, which is surrounded by other lands, has no right to exact the right of passage from which of his neighbors he chooses.

"The passage shall be generally taken on the side where the distance is the shortest from the inclosed estate to the public road.

"Nevertheless, it shall be fixed in the place the least injurious to the person on whose estate the passage is granted."

---

1. Article 699 was amended by Act No. 672, § 1, of 1970, deleting the reference to water courses, but that amendment was after the trial of this case and has no effect on the decision in this case.

In Rockholt v. Keaty, 256 La. 629, 237 So.2d 663 (1970), we recognized the importance of this servitude for the benefit not only of the landowner by permitting full utility of his land but also of the public by keeping valuable property in commerce. More important to this case, we acknowledged in conformity with the Code articles that the nature of the passage was to be governed according to the circumstances and as the exigencies of the case might require, and that the right of passage was to be to the nearest public road.

Article 700 clearly provides that the owner of the landlocked estate cannot choose from which of his neighbors' estates he will exact a right of passage, but that it "shall be" where the distance is the shortest from the enclosed land to the public road. The mandatory language of that article is modified by the term "generally" as an acknowledgment of certain exceptions, which, so far as the record shows, have no application to the case we consider.

■ The first question for decision is whether in a suit to establish a right of an enclosed estate to access to a public road, a road not dedicated or expropriated can be declared public when the owner of the property abutting that road is not a party to the suit. We answer "yes".

The district court holding that the owner of the land which the Motty Road traversed did not have to be made a party to the suit to have the road declared public was reversed by the Court of Appeal under its theory that this would constitute a divestiture of property without opportunity to be heard. The error in the reasoning of both courts was in treating this case as though a determination here that a road was public was a determination as to the general public and the abutting landowner that it was a public road for the purpose of opening it to the general use by the public. This suit was not filed to decide the question whether as to the public in general the Motty Road was a public road under R.S. 48:491.[2] Here the defendants attempted to show by way of a defense that for the servitude of passage there is a route to a public road nearer to the enclosed land than the route sought by the School Board over the defendants' land.

■ The second question is whether the plaintiff has established that it is entitled to a servitude of passage across defendants' land because it affords the nearest route to a public road. It is conceded that a passage from the property of the School

2. The pertinent portion of R.S. 48:491 reads: "All roads or street in this state * * * which have been or are hereafter kept up, maintained or worked for a period of three years by authority of any parish governing authority in its parish or by authority of any municipal governing authority in its municipality shall be public roads or streets as the case may be. * * *"

Board to the Motty Road across other land is shorter than the route across the land of the defendants to the Pine Island Road. The evidence in this record shows that in 1959 the police juror of the ward in which these lands are located brought a dragline and a road crew onto the Motty property. The road then in existence, known as the Motty Road, was built up and extended along a trail that continued from the original roadway to and across the Warren Canal. A permanent bridge was constructed over the canal. All of this work was done under the supervision of the police juror with parish funds, personnel, and equipment. Every year since 1959 that entire stretch of road has been graded and maintained by the police juror with parish funds and equipment. Under these circumstances and for the purpose of this suit we can find no fault with the conclusion of the district court that in light of R.S. 48:491 the Motty Road is a public road. We are also in accord with the holding of that court that the School Board failed to sustain the burden of proving that the right of passage it sought over defendants' land was the most convenient outlet to a public road. Under the express language of Civil Code Article 700 the School Board

is not entitled to a right of passage over defendants' land. Any rights it may have against other adjoining landowners for access to its enclosed property must be determined in a suit against those parties.[3]

The judgment of the Court of Appeal is reversed, and the Vermilion Parish School Board's suit against Alphe Broussard and all other defendants is dismissed as of non-suit. Costs insofar as allowed by law are assessed against the plaintiff.

SUMMERS, J., recused.

---

3. In Rockholt v. Keaty, 256 La. 629, 237 So.2d 663 (1970), one of the reasons why the plaintiffs' claim for a right of passage over the land of the defendant was rejected was that it was shown that there were shorter routes of passage to public roads. Yet there it was contended that access to the public roads by the shorter

routes would not be available because subdivision building restrictions would not permit the construction of the access road. We held that that was an issue to be decided in another case since the evidence and the parties before us would not permit us to make a determination.