368 So.2d 199 (1979)
Neldon J. FINN et al.
v.
Douglas EOFF et al.
No. 12408.
Court of Appeal of Louisiana, First Circuit.
February 12, 1979.
*200 Anthony Glorioso, New Orleans, counsel for plaintiffs.
Iddo Pittman, Jr., Hammond, counsel for Douglas Eoff & John Yent.
William E. Crawford, Baton Rouge, for Bernice Edwards.
John Q. Mitchell, in pro. per.
Milburn R. Fletcher, in pro. per.
Before LANDRY, SARTAIN and CHIASSON, JJ.
SARTAIN, Judge.
This is a suit by plaintiffs, Neldon J. Finn, Gloria F. Garcia, Iris F. Simoneaux and Ranal D. Finn, to obtain judicially a servitude of passage from their allegedly enclosed property to the nearest public road. Named as defendants are the owners of the surrounding properties.
Plaintiffs are the owners of a certain tract of rural land consisting of approximately 40 acres in Tangipahoa Parish. In their petition they allege that the property is completely enclosed and has no access to a public road, and that they are entitled to a servitude of passage across their neighbors' property under LSA-C.C. art. 699.[1] Additionally, plaintiffs contend that the shortest and least injurious route to the nearest public road is in a westerly direction across the properties of two of the defendants, Douglas Eoff and John Yent, to an allegedly public gravel road which leads to the Brown road. Plaintiffs also allege that Eoff and Yent have constructed a pond across the proposed right of way, and pray that the court order that the pond be filled in.
Defendants, Eoff and Yent, denied plaintiffs' allegations, contending that other defendants had offered to sell property to plaintiffs which would afford them a right of passage to a public road. Additionally, Eoff and Yent denied that the gravel road on their properties is a public road, and they denied that the shortest and least injurious route to a public road is across their property. The remaining defendants filed general denials.
At trial, two of the defendants, Edward E. Cosgrove, Sr. and Milburn Fletcher, testified that they were each willing to sell a right of way to plaintiffs across their properties to nearby roads, i. e. the Thibodeaux road and Sibley road respectively. The trial court, without assigning reasons, rendered judgment in favor of defendants dismissing plaintiffs' suit. From this adverse judgment, plaintiffs have appealed.
Two principal issues are presented on appeal: 1) plaintiffs' right vel non to a servitude of passage; and 2) the location of and compensation for the servitude, if one is owed.

I.
Plaintiffs' claim to a servitude of passage is founded on LSA-C.C. art. 699, which provides:
"The owner whose estate is enclosed, and who has no way to a public road, railroad, or a tramroad may claim the right of passage on the estate of his neighbor or neighbors to the nearest public road, railroad, or a tramroad and shall have the right to construct a road, railroad or tramroad according to circumstances and as the exigencies of the case may require, *201 over the land of his neighbor or neighbors for the purpose of getting the products of his said enclosed land to such public road or railroad, tramroad or for the cultivation of his estate, but he shall be bound to indemnify his neighbor or neighbors in proportion to the damage he may occasion." (Amended by Acts 1970, No. 672, sec. 1).
Enclosed estates within the meaning of the article are such lands that are shut off from access to public roads, etc. because they are entirely surrounded by other lands. English Realty Company, Inc. v. Meyer, 228 La. 423, 82 So.2d 698 (1955).
The testimony and evidence admitted at trial, including plats depicting plaintiffs' property, amply established that plaintiffs' property is surrounded on all sides by other lands owned by the various defendants and, by virtue of this enclosure, that it does not have access to a public road.
Nonetheless, defendants, Eoff and Yent, argue that plaintiffs' property is not enclosed because other defendants have offered to sell a portion of their property to plaintiffs and thereby allow plaintiffs access to a public road. Eoff and Yent maintain that the necessity for a servitude of passage has not been established.
We do not agree. The availability of additional property which, if purchased, would provide access to a public road does not in any fashion alter the fact that plaintiffs' property is enclosed and that it does not have access to a public road. The Civil Code provides a legal servitude to property owners in plaintiffs' situation.
The necessity for this servitude is evident from the facts, namely that plaintiffs as the situation is at present are denied the use of their property because of the lack of access. The Supreme Court in Rockholt v. Keaty, 256 La. 629, 237 So.2d 663 (1970), recognized the importance of the servitude to the landowner by allowing full utility of his land and to the public by keeping valuable property in commerce.
Accordingly, we find that the plaintiffs are entitled to a servitude of passage, and that the trial court erred in dismissing their suit.

II.
The location of the servitude of passage is provided for in LSA-C.C. art. 700 as follows:
"The owner of the estate, which is surrounded by other lands, has no right to exact the right of passage from which of his neighbors he chooses.
"The passage shall be generally taken on the side where the distance is the shortest from the inclosed estate to the public road.
"Nevertheless, it shall be fixed in the place the least injurious to the person on whose estate the passage is granted."
The mandatory language of the article is modified by the term "generally" as an acknowledgment that there are exceptions to the general rule that the passage shall be taken on the side where the distance is shortest to a public road. Rockholt v. Keaty, supra. See Morgan v. Culpepper, 324 So.2d 598 (La.App. 2nd Cir. 1975).
There are three roads in the vicinity of plaintiffs' property. These are: the Thibodeaux road to the east; the Brown road to the west; and the Sibley road to the north.
Plaintiffs have contended consistently that the nearest public road is a gravel road on the properties of Eoff and Yent which intersects with the Brown road. Plaintiffs urge that the servitude of passage be taken over the properties of Eoff and Yent to this gravel road.
Evidence at trial established that only a portion of the gravel road was public and that the public portion commenced at a distance of between 1100 and 1200 feet from plaintiffs' property. Other evidence indicated, though not with any degree of certainty, that the Sibley road and possibly the Thibodeaux road (at a distance of 1158 to 1180 feet from plaintiffs' property) were at a closer proximity to plaintiffs' property than the proposed route to the Brown road.
*202 Due to the paucity of relevant evidence in the record we are unable to determine which property should be burdened with the servitude of passage as well as the exact route it should take across the burdened property.
Therefore, we must remand the case to the district court for it to determine and fix the location of the servitude, and additionally assess the amount of indemnification owed.
For the above reasons, the judgment of the trial court is reversed, and the case is remanded to fix the location of the servitude of passage and to determine the indemnification due.
Costs of this appeal are assessed against the defendants. All other costs are to await a final determination of the case on the merits.
REVERSED AND REMANDED.
NOTES
[1] LSA-C.C. arts. 699 and 700, along with the remainder of the codal sections dealing with servitudes, were amended by La. Acts 1977, No. 514, sec. 1 (effective January 1, 1978). The substance of these articles is contained presently in LSA-C.C. arts. 689 and 692, as amended respectively.

For the purposes of the present suit, which was filed prior to the effective date of the 1977 amendments, we are concerned with articles 699 and 700 as they appeared prior to the amendments.
We do however wish to note that the result reached herein would be the same were we to apply the articles as amended, inasmuch as the 1977 amendments did not change the law applicable in this case.