401 So.2d 1272 (1981)
Frank G. RIEGER
v.
Billy Gene NORWOOD.
No. 14277.
Court of Appeal of Louisiana, First Circuit.
June 29, 1981.
Rehearing Denied August 25, 1981.
*1273 Herschel C. Adcock, Adcock, Dupree & Shows, Baton Rouge, for plaintiff & appellant.
Miriam T. Attaya, Attaya & Bell, Gonzales, for defendant & appellee.
Before ELLIS, COLE and WATKINS, JJ.
ELLIS, Judge:
This is a suit by Frank G. Rieger, owner of an enclosed estate, to obtain a right of way across the property of Billy Gene Norwood to a public road. The properties belonging to the parties hereto form part of a larger tract formerly belonging to Cornelius Norwood, fronting about 700 feet on Norwood Road, a public road running east and west along the north line of the property. The original parcel had a depth of 989.66 feet.
Out of this parcel were sold four acres in a square in the northwest corner; a parcel in the southwest corner, now belonging to David Norwood, containing 1.305 acre; and a parcel in the southeast corner, now belonging to Dr. Rieger, also containing 1.305 acre. The David Norwood and Rieger properties each measure 225 feet on the north line and the south line, and 253 feet on the east line and the west line. In addition Dr. Rieger owns a 30 foot strip on the west side of the original tract, running up the west line to a point 110 feet from Norwood Road.
The remainder of the original tract is irregular in shape and is owned by defendant Billy Gene Norwood. He therefore owns the 110 foot strip between plaintiff's 30 foot strip and Norwood Road, as well as a parcel 244 feet in width on the south line of the property between the Rieger property and the property of David Norwood. The David Norwood property is served by a parish road which terminates at the southwest corner thereof.
Plaintiff requests a right of way across defendant's property 30 feet in width and 110 feet long, connecting his 30 foot strip to Norwood Road. Defendant objects to the location of the right of way sought by plaintiff, because it would take about half of his driveway, all of a row of shrubs planted by him, and would pass only 25 feet from his home, which faces Norwood Road. He objects to the dust, noise, and inconvenience which, he alleges, would result from the right of way being located so close to his home.
Defendant offers instead a right of way 20 feet in width, running west from plaintiff's southwest corner, along the south line of the original tract, to connect with the parish road serving the David Norwood tract. There is filed in the record a right of way deed, executed by David Norwood and the defendant, conveying the proposed right of way to plaintiff. David Norwood is not a party to this suit.
The trial judge ruled that plaintiff would have to use the right of way tendered by defendant, and signed judgment accordingly. Plaintiff has appealed.
The following provisions of the Civil Code are relevant:
"Art. 689. The owner of an estate that has no access to a public road may claim a right of passage over neighboring property to the nearest public road. He is bound to indemnify his neighbor for the damage he may occasion."
"Art. 690. The right of passage for the benefit of an enclosed estate shall be suitable for the kind of traffic that is reasonably necessary for the use of that estate."
"Art. 692. The owner of the enclosed estate may not demand the right of passage anywhere he chooses. The passage generally shall be taken along the shortest route from the enclosed estate to the public road at the location least injurious to the intervening lands."
The term "generally" in Article 692 has been held to be an acknowledgment that there are exceptions to the general rule expressed therein, and it is recognized that the nature and location of the servitude are governed by the circumstances of the case. Rockholt v. Keaty, 256 La. 629, 237 So.2d 663 (1970); Morgan v. Culpepper, *1274 324 So.2d 598 (La.App. 2d Cir. 1975); Finn v. Eoff, 368 So.2d 199 (La.App. 1st Cir. 1979).
It is clear from the record that the shortest distance from plaintiff's property to a public road is across the 110 foot parcel which separates plaintiff's 30 foot strip from Norwood Road. The distance from Norwood Road to the location of plaintiff's house, following the above route, is well over 700 feet. No road has been constructed over either proposed location. The distance from plaintiff's property to a public road across the property of defendant and David Norwood is 469 feet.
The trial judge found that the shortest distance over which plaintiff would have to construct a road was the 469 foot strip, and that the location for the servitude was the least injurious to defendant. He therefore rendered judgment locating the servitude as proposed by defendant.
We think it clear that, under Article 692 of the Civil Code, the distance to the nearest public road must be measured from the boundaries of the enclosed estate, and not from the improvements thereon. See Bandelin v. Clark, 7 La.App. 64 (1st Cir. 1927). We are therefore of the opinion that the inconvenience which will be suffered by defendant in this case is not sufficient to require plaintiff to construct a road over four times as long as the 110 foot distance, leading to a less convenient public road. See Littlejohn v. Cox, 15 La.Ann. 67 (1860).
However, we do not believe that plaintiff needs a 30 foot right of way for his driveway. We find that a 15 foot wide servitude will suffice for plaintiff's needs. This will leave a distance of 40 feet between the servitude and defendant's home, which should greatly decrease the inconvenience feared by defendant.
The judgment appealed from is therefore amended, so as to award to plaintiff a servitude of passage, 15 feet in width, beginning at Norwood Road, and running south along defendant's west boundary a distance of 110 feet to the boundary of plaintiff's property. Defendant shall pay all costs of this appeal. All other costs shall be paid by plaintiff.
AMENDED AND AFFIRMED.