MARCANTEL, Judge Pro Tem.,
concurring.
I concur in the majority holding but believe that, if plaintiffs had been particular assignees, such as vendees and donees under particular title, rather than universal successors, they could claim a right of passage for indemnity under La.C.C. art. 689 for the following reasons.
The legal servitude of passage under article 689 is established in favor of an estate that has become enclosed as a result of fortuitous events or irresistible force; there is no enclavement within the meaning of this provision when access to a public road has been cut off by a voluntary act or omission of a landowner. A. Yiannopoulos Predial Servitudes, § 99 at 297 in 4 Louisiana Civil Law Treatise (1983).
Universal successors are defined by La. C.C. art. 3506(28) as one who represents the person of the deceased, and succeeds to all his rights and charges. Therefore, a universal successor whose ancestor-in-title voluntarily lost access to a public road, succeeds to this voluntary loss. Particular successors are defined by La.C.C. art. 3506(28) as one who succeeds only to the rights appertaining to the thing which is sold, ceded or bequeathed to him. Therefore, since it was the voluntary action of the owner of the land that lost the right of passage, and not a right the land itself lost, a particular successor would not succeed to the loss of a right of passage lost by the previous landowner.
Additionally, in Rockkolt v. Keaty, 237 So.2d 663, at page 668 (La.1970), our Supreme Court stated:
“While Article 699 has been generally accepted as designed to benefit the landowner so he could produce profit for himself and obtain full utility of his land, it must now be deemed also to offer protection of public interest. As land becomes less available, more necessary for public habitation, use, and support, it would run contrary to public policy to encourage landlocking of such a valuable asset and forever removing it from commerce and from public as well as private benefit.”
Allowing a literal application of La.C.C. art. 693 will result in land effectively being taken out of commerce.
*1218 Therefore, since the plaintiffs are successors under universal title, I concur in the result.