STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

05-629

GARY ROLAND BAILEY, ET AL.

VERSUS

NEIL DOUGLAS McNEELY, ET UX.

************

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT,
PARISH OF SABINE, NO. 55,991
HONORABLE CHARLES B. ADAMS, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Sylvia R. Cooks, Michael G. Sullivan, and James T. Genovese,
Judges.

**AFFIRMED.**

Kenneth N. Simmons
Post Office Drawer 490
Many, Louisiana 71449
**COUNSEL FOR PLAINTIFFS/APPELLEES**:
    Gary Roland Bailey, et al.

George E. Harp
610 Marshall Street, Suite 619
Shreveport, Louisiana 71101
**COUNSEL FOR DEFENDANTS/APPELLANTS**:
    Neil Douglas McNeely, et ux.

**GENOVESE, Judge.**

Defendants appeal various judgments of the trial court finding that Plaintiffs' immovable property was enclosed, fixing the location of the servitude of passage over Defendants' property, and denying Defendants' claim for indemnification. Plaintiffs have answered the appeal objecting to the location of the servitude of passage fixed by the trial court and seeking attorney fees for frivolous appeal. For the following reasons, we affirm.

## FACTS

Plaintiffs, Gary Roland Bailey, Wanda Sue Bailey Stahl, Donna Bailey Chance, Michael Wayne Bailey and Scott Dwayne Bailey ("Baileys"), and Defendants, Neil and Martha McNeely ("McNeelys"), are the owners of contiguous property located on Toledo Bend Lake in Sabine Parish, Louisiana. Plaintiffs' ancestor in title, Continental Can Company, Inc., owned approximately forty acres of land which, except for the approximate two acres presently owned by Plaintiffs, was expropriated in 1966 by the Sabine Parish River Authority for the creation of Toledo Bend Lake. Prior to the expropriation and flooding of the property, there was access through the forty acre tract to Red Hill Road, which was a public road running north and south bisecting said tract. The expropriation of property and creation of the lake left the two acres, presently owned by Plaintiffs, without access to Red Hill Road. This property was accessible only by virtue of a navigable waterway, Toledo Bend Lake, which was created by the damming of the Sabine River, a navigable river, running through it.

Defendants are the owners of the contiguous property to the east of Plaintiffs' property, which, when considered together, form a peninsula. Defendants have access to a public road, Louisiana Highway 191, east of these properties, by virtue of

1

a servitude through property owned by International Paper Company and Toledo Bend Resort.

Plaintiffs filed a Petition for Servitude of Passage and Way against Defendants. Plaintiffs subsequently filed a motion for partial summary judgment on the sole issue of whether or not Plaintiffs' property was an enclosed tract of land. The trial court ruled that Plaintiffs' property was enclosed and that Plaintiffs were entitled to a servitude of passage across Defendants' property.

Trial on the merits was then held on the remaining issues of the location of the servitude of passage and Defendants' claim for indemnification. The trial court fixed the location of the servitude across Defendants' property and denied Defendants' claim for indemnification.

## ISSUES

The following issues are presented by Defendants for our review:

1.    Whether Plaintiffs' property is enclaved;

2.    Whether Defendants, or the Sabine River Authority, have a duty to provide Plaintiffs with a servitude of passage to the nearest public road;

3.    Whether Plaintiffs met their burden under Civil Code Article 689 of proving that the location of the servitude of passage sought and granted was the shortest route from Plaintiffs' property to the nearest public road;

4.    Whether the servitude of passage was granted over a route other than the one to the nearest public road;

5.    Whether Plaintiffs' action should have been dismissed for failure to join as party defendants landowners over whose property the servitude of passage would traverse to access the nearest public road;

6.    Whether the trial court erred in granting a servitude of passage under Civil Code Article 689 without granting some amount of indemnity to owners of the burdened estate; and

2

7.      Whether the granting of a 30 foot (25 foot) wide servitude of passage was excessive for the projected use of the property as a camp by Plaintiffs.

Additionally, Plaintiffs raise the following issues in their answer to appeal:

1.      Whether the trial court erred in the placement of the servitude of passage across the Defendants' property; and

2.      Whether the appeal by Defendants is frivolous thereby entitling Plaintiffs to attorney fees incurred in processing this appeal.

## LAW AND ARGUMENT

**Enclosure of Plaintiffs' Property**

Plaintiffs filed a motion for partial summary judgment on the issue of whether or not their property was enclosed as a matter of law. The trial court found that the subject property was enclosed under La.Civ.Code art. 689 and granted a partial summary judgment in favor of Plaintiffs. We agree.

Appellate courts review summary judgments *de novo* using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Richard v. Hall*, 03-1488 (La. 4/23/04), 874 So.2d 131; *Goins v. Wal-Mart Stores, Inc.*, 01-1136 (La. 11/28/01), 800 So.2d 783. The appellate court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

The right of the landowner whose estate is entirely enclosed by the lands of his neighbor to acquire a passageway to the nearest highway is based upon La.Civ.Code art. 689, which currently provides, in pertinent part, that "[t]he owner of an estate that has no access to a public road may claim a right of passage over neighboring property to the nearest public road."

3

It is not disputed that Plaintiffs' property has no direct access across land to a public road. Defendants contend, however, that Plaintiffs' property is not enclosed by virtue of a conventional servitude of passage granted to Plaintiffs' ancestor in title which provided access to a water course. In so concluding, they rely on La.Civ.Code art. 699, as it existed in 1966, as opposed to the codal provision currently found in La.Civ.Code art. 689.

Louisiana Civil Code Article 699 historically provided for a right of passage to the owner of an estate which was enclosed "and who [had] no way to a public road, a railroad, a tramroad or a water course. . . ." Louisiana Civil Code Article 699 was amended by 1970 La. Acts No. 672, § 1, which deleted the reference to water courses.[1] It is Defendants' position that La.Civ.Code art. 699, as it existed in 1966, determines whether or not Plaintiffs' property is enclosed.

At the time of expropriation, Plaintiffs' ancestor in title, Continental Can Company, Inc., entered into a leaseback and servitude agreement with the Sabine River Authority. By virtue of this agreement, Continental Can Company, Inc. acquired a conventional servitude of passage between the expropriation taking line and the edge of the water. Since, in 1966, article 699 did not consider an enclosed estate one which had access to a waterway, Defendants conclude that the subject property, although lacking access to a public road, is not enclosed. They, therefore, assert that Plaintiffs are not entitled to the servitude of passage sought in the instant litigation. We find this argument to be without merit.

Under the express provisions of La.Civ.Code art. 689, Plaintiffs' property is enclosed as a matter of law since it has no access to a public road. The enclosure of the property gives rise to a servitude imposed by law granting Plaintiffs passage over

---

[1] Additionally, in 1977, the terms "railroad" and "tramroad" were deleted and the article was renumbered as La.Civ.Code art. 689.

4

Defendants' property to the nearest public road. We do not find it relevant that Plaintiffs' ancestor in title had access to a water course under the law as it existed when the expropriation occurred.

Although not directly on point on this issue, we find this court's opinion in *Bouser v. E. Earl Morgan*, 520 So.2d 937 (La.App. 3 Cir. 1987) to be instructive. In *Bouser*, the plaintiffs' property became enclosed as a result of the Red River Waterway District's project in diverting the channel of the Red River. This court held that the plaintiffs' property was enclosed notwithstanding a servitude agreement in favor of the Red River Waterway District granted by the plaintiffs or their ancestors in title.

This court also notes subsequent jurisprudence involving landlocked estates and the policy issue surrounding same. For example, the supreme court in *LeBlanc v. Thibodeaux,* 615 So.2d 295, 299 (La.1993) recognized the "the strong public policy of this state which is to discourage landlocking." The court, quoting *Rockholt v. Keaty*, 256 La. 629, 237 So.2d 663, 688 (1970) went on to note that "*[a]s land becomes less available, more necessary for public habitation, use, and support, it would run contrary to public policy to encourage landlocking of such a valuable asset and forever removing it from commerce and from public as well as private benefit.*" *LeBlanc*, 615 So.2d at 299 (alteration in original). This court, in *Lafayette Airport Commission v. Roy*, 265 So.2d 459, 464-65 (La.App. 3 Cir. 1972) stated as follows:

> We quote approvingly from La.Law Rev. 315 where it is noted that:
>
> > 'Today, even a property with access to a watercourse could well be considered as 'enclosed' with need for access to a public road.'
>
> This statement embodies the idea that the provisions of LSA-C.C. Art. 699 as amended in 1916 provided by implication that access to

5

Either [sic] a public road, railroad, tramroad or a watercourse was sufficient to deny landowner the right to passage on the estate of another was outdated. This may have been the reason for the 1970 amendment to LSA-C.C. Art. 699 which, among other things, deleted reference to water access or watercourse. The purpose of the 1916 amendment was '. . . to allow construction of the proper facility needed in a particular case according to the circumstances and the exigencies of the case.' *Rockholt v. Keaty*, 256 La. 629, 237 So.2d 663 (1979). The implication of these amendments is not only that the needs of the particular estate must be taken into account in determining whether the 'access' available to it is indeed access sufficient to prevent the application of Art. 699, but also, that water access is insufficient per se to prevent application of Art. 699.

In this case, Plaintiffs' land is presently enclosed with no access to a public road. Louisiana Civil Code Article 689 grants to the owner of an estate that has no access to a public road, the right to claim a right of passage over neighboring property to the nearest public road. The fact that Plaintiffs' ancestor in title had access to a water course in 1966 does not change the result. Therefore, we affirm the granting of the summary judgment by the trial court finding Plaintiffs' property to be enclosed.

**Duty Owed To Provide Plaintiffs With A Servitude Of Passage To The Nearest Public Road**

Defendants assert that access to the public road should be provided to Plaintiffs by the Sabine River Authority, since it was the entity that originally caused the enclosure, and not a neighboring estate. We find this assertion to be without merit.

The legal duty to provide a servitude of passage arises from the application of La.Civ.Code art. 689 cited above. That article places the duty on the neighboring property to provide access to the nearest public road. The Sabine River Authority does not own the neighboring property which would provide access to a public road and has no legal authority to accomplish same. To the contrary, it owns (subject to "leaseback") only that property which abuts Toledo Bend Lake between the 175 foot and the 172 foot contour line. Defendants' assertion, if accepted, would yield the absurd result of a servitude of passage being granted in favor of Plaintiffs running

6

along the perimeter of the lake to the nearest public road.

Defendants, as the owners of neighboring property, are required by La.Civ.Code art. 689 to provide Plaintiffs with a servitude of passage across their property to the nearest public road. The limited ownership of property by the Sabine River Authority does not negate the legal servitude owed Plaintiffs by Defendants.

**Location Of The Servitude Of Passage**

Both parties appeal the placement of the servitude of passage by the trial court. Defendants contend that Plaintiffs failed in their burden of proving that the servitude of passage sought and granted was correctly placed so as to be the shortest route to the nearest public road. In their answer to appeal, Plaintiffs also assert that the trial court erred in placing the servitude across the Defendants' property. For the following reasons, we affirm the judgment of the trial court establishing the location of the servitude of passage.

The dispute on the placement of the servitude centered on whether it should cross Defendants' property to provide access to Toledo Resort Road to the south, or to Highway 191 to the east. The evidence at trial focused on three possibilities. One proposed location was for the servitude to run from Highway 191, westerly across property owned by International Paper and Toledo Bend Resort, along the present driveway of Defendants, then across the southern portion of Defendants' property along the base of the hill, where an old road bed exists. However, Defendants argue that this placement would destroy the most valuable portion of their property, the lake view side. The second possibility was for the servitude to run from Highway 191, westerly across property owned by International Paper and Toledo Bend Resort, along the existing driveway of Defendants, and across Defendants' property on the top of the hill, directly behind Defendants' house. The flaw of this placement is that

7

it would require construction of a road where none now exists. The third possibility was for the servitude to traverse Defendants property to the south, then to cross property owned by Toledo Bend Resort, and then to access Toledo Resort Road. However, Plaintiffs argue that this proposal would require the construction of a road where none now exists and would present drainage problems.

The law governing the placement of the servitude of passage is found in La.Civ.Code art. 692, which provides that "[t]he owner of the enclosed estate may not demand the right of passage anywhere he chooses. The passage generally shall be taken along the shortest route from the enclosed estate to the public road at the location least injurious to the intervening lands."

Interestingly, despite the placement of the servitude by the trial court in the precise location of Defendants' stated preference, Defendants argue on appeal that this is not the shortest route to a public road. However, even if Defendants' assertion is correct, it is well established that a literal application of La.Civ.Code art. 692 is not required. This issue was also discussed in *Bouser,* 520 So.2d at 940, wherein this court stated:

> We do not understand La.[Civ.Code] art. 692 to require the court in every instance, regardless of the circumstances present, to select the "shortest route" from the enclosed estate to the public road. As stated by our Supreme Court in *Vermilion Parish School Board v. Broussard*, 270 So.2d 523 (La.1972):
>
>> In *Rockholt v. Keaty*, 256 La. 629, 237 So.2d 663 (1970), we recognized the importance of this servitude for the benefit not only of the landowner by permitting full utility of his land but also of the public by keeping valuable property in commerce. More important to this case, we acknowledged in conformity with the Code articles that the nature of the passage was to be governed according to the circumstances and as the exigencies of the case might require, and that the right of passage was to be to the nearest public road.
>>
>> Article 700 clearly provides that the owner of the

8

> landlocked estate cannot choose from which of his neighbors' estates he will exact a right of passage, but that it "shall be" where the distance is the shortest from the enclosed land to the public road. The mandatory language of that article is modified by the term "generally" as an acknowledgment of certain exceptions, . . . .

Plaintiffs complain on appeal that the location of the servitude is erroneous and that it will require an entirely new road to be constructed at a considerable expense to Plaintiffs. They contend that the appropriate location is that proposed by William L. Hayman, an expert in civil engineering and land surveying, who testified that the preferable passageway would be along the southern portion of Defendants' property where an old road bed exists. However, this route would, according to Defendants, destroy the most valued portion of Defendants' property, the lakeside view. After considering the record in this matter, although the placement of the servitude by the trial court may not be the shortest route to the nearest public road, or the most economical passage, the trial court's judgment takes into account all the particular circumstances of the subject property, as well as existing servitudes, and provides the most practical, feasible and aesthetic resolution possible. Accordingly, we find, as the trial court did, that the most appropriate route of passage is "located down the existing driveway right through on the top of the crest of the hill . . . ." For these reasons, the judgment of the trial court is affirmed.

**Additional Landowners As Party Defendants**

Defendants contend that the trial court erred in failing to dismiss Plaintiffs' action due to their failure to join all of the landowners over whose property the servitude would have to cross in order to connect to the nearest public road. We find this assertion to be without merit.

Plaintiffs already have a written servitude of passage from another property owner, Sustainable Forest, for that portion of the access road that connects to

9

Defendants' property. Given this servitude that already existed, it would have been pointless for Plaintiffs to have named Sustainable Forest as a party to the instant litigation. Since the servitude of passage granted by the trial court need not burden the property of landowners who were not a party to the lawsuit, we find that the trial court was correct in not dismissing Plaintiffs' action for their failure to name additional party defendants.

**Claim For Indemnity**

Defendants assert that the trial court erred in not awarding them indemnity pursuant to La.Civ.Code art. 689. We disagree.

Although the code does provide a claim for indemnity to the owners of the burdened estate, Defendants failed in their burden of proving the amount of damage resulting from the servitude of passage.

The only evidence introduced on the issue of indemnification was the testimony of Mr. George Thibodeaux, an expert real estate appraiser, who testified that the access provided to Plaintiffs' property by the servitude of passage would increase the value of the property by $18,000.00. Mr. Thibodeaux did not provide testimony regarding the damage to Defendants' property that would be occasioned as a result of the servitude of passage. The trial court, in discussing Defendants' contention, correctly reasoned that "the proof that because the [Plaintiffs'] property is increased in value is no grounds for indemnity." Moreover, having reviewed the record, we agree that "there has been no other evidence of diminished value" to Defendants' property. For these reasons, we conclude that the trial court was correct in denying Defendants' claim for indemnification.

**Width Of The Servitude Of Passage**

Defendants assert that the twenty-five foot width of the servitude of passage

10

granted by the trial court is excessive. We disagree.

Louisiana Civil Code article 690 provides that "[t]he right of passage for the benefit of an enclosed estate shall be suitable for the kind of traffic that is reasonably necessary for the use of that estate."

The only evidence introduced at trial on this issue was the testimony of the expert, William L. Hayman. It was Mr. Hayman's opinion that thirty feet is the minimum width required in order to have the roadway and necessary drainage. Considering this expert testimony, we find that the servitude of passage with a twenty-five feet width is "suitable for the kind of traffic that is reasonably necessary for the use of [Plaintiffs'] estate."

**Damages For Frivolous Appeal**

In their answer to appeal, Plaintiffs also seek attorney fees for the filing of a frivolous appeal.

Pursuant to La.Code Civ.P. art. 2164 this "court may award damages for frivolous appeal. . . . " However, frivolous appeal damages are allowed only when it is obvious that the appellant took the appeal solely for the purpose of delay or that counsel was not sincere in the view of the law he advocates. *Broussard v. Union Pac. Res. Co.*, 00-1079 (La.App. 3 Cir. 1/31/01), 778 So.2d 1199, *writ denied*, 01-0589 (La. 4/27/01), 791 So.2d 118.

On this issue, we do not find that Defendants took the present appeal for the sole purpose of delay, nor do we find that defense counsel was insincere in the view of the law advocated. There were legitimate legal issues raised by Defendants in their appeal. This assignment of error lacks merit.

<u>CONCLUSION</u>

This court finds that the trial court correctly determined that Plaintiffs' property

11

is enclosed and that Defendants are legally obligated to provide Plaintiffs with a servitude of passage across their property. We further find that Plaintiffs need not have named any additional landowners as party defendants, since the judgment of the court does not encumber their property. We conclude that the location and width of the servitude of passage granted by the trial court is appropriate under the law and facts of this case. With respect to Defendants' claim for indemnity, this court finds that Defendants failed in their burden of proving damages allegedly sustained. Finally, Plaintiffs' claim for damages arising from a frivolous appealed are denied.

Costs for this appeal are assessed against Defendants/Appellants.

**AFFIRMED.**