Dear Representative McVea:
You have asked for an opinion from this Office regarding the rights of people to access isolated cemeteries that lie on land that the people no longer own or never did own. As is more fully set forth below, it is the opinion of this Office that cemeteries, being a unique type of property, should be accessible to the descendants and friends of those buried therein, regardless of the current ownership of the surrounding and underlying property.
The Louisiana jurisprudence clearly permits access to isolated cemeteries.[1] In the case of In re St. James Methodist Church ofHahnville, the Louisiana Fifth Circuit observed that,
 [t]he owner [of property on which a cemetery is located] is bound to the following: (1) He cannot remove or disturb any grave. (2) Relatives and friends have unrestricted rights to visit and care for the graves. (3) Property included in the cemetery cannot be used by the owner for any purpose inconsistent with cemetery purposes. (4) The owner cannot reduce the size of the lands set apart as a cemetery.
95-410 (La.App. 5 Cir. 12/27/95) 666 So.2d 1206 (emphasis added) (citingVidrine v. Vidrine, 225 So.2d 691, 697-698 (La.App. 3rd Cir. 1969)).[2] *Page 2 
Although we are of the opinion that access to isolated cemeteries is provided for by the Louisiana jurisprudence, it is further the opinion of this Office that the right of passage would, by analogy, be subject to the typical restrictions that may be placed on a dominant servitude holder by a servient estate. These limitations may include reasonableness as to the times of day during which access may occur;[3] making a route available that is not the shortest, but is one that is least disruptive to the current landowner;[4] and damages to the current landowner for reckless or injurious acts by the cemetery visitor, [5] to name a few.[6]
Although we are of the opinion that the above analysis demonstrates a sufficient legal basis for the descendants of someone buried in an isolated cemetery to have access across the property of another for the purposes of visiting and maintaining the cemetery, we also believe that there are other issues at play here. As has been noted at length by this Office in previous opinions, the importance of the preservation of historic cemeteries is paramount in Louisiana.[7] Thus, the facilitation of access to historic cemeteries, [8] of which most of the isolated cemeteries will be, is extremely important in the interest of preserving these sacred and historically significant sites. *Page 3 
More specifically to the substance of your opinion request, in the attached e-mail from your constituent that prompted your request, we find the following information important to this opinion.
 I went to visit the cemetery last week and found that trees have fallen on both the fence and some of the headstones. Some of us want to go up there to repair the fence. [We also intend to repair] the headstones [so] they aren't lost to history.[9]
We believe that the concerns voiced by your constituent regarding her desire to maintain her family's isolated historic cemetery falls directly in line with the policy pronouncements of this Office regarding cemetery preservation in recent years.[10]
Your constituent goes on to note, from a conversation with the new owner of the surrounding property that she was informed that the owner "has no intention of allowing free access to the cemetery."[11] We are further of the opinion that, subject to the general limitations of reasonableness noted above, your constituent, and others similarly situated around the State, must be permitted to access such cemeteries for visitation and restoration/maintenance activities. Additionally, to the extent that the "free access" referred to by your constituent refers to the possibility that the family may be subject to charges for such access, the jurisprudence of this State clearly provides otherwise.[12]
Free access is what is envisioned by the Louisiana courts.
One final matter related to this opinion merits mention. Although we here opine that there exists a legal right to access isolated cemeteries for the purposes of visitation and maintenance of the cemetery, this opinion is not intended to impose any new duties on the Louisiana Cemetery Board.
We hope this sufficiently answers your inquiry; however, if we may be of further assistance please do not hesitate to contact our office.
 Sincerely yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By:________________________ RYAN M. SEIDEMANN Assistant Attorney General
 JDC/RMS/tp
[1] For the purposes of this opinion, the term "isolated cemetery" refers to those cemeteries that have become separated from easy access due to property transfers and the like, typically causing them to lie wholly within the property of someone unrelated to the descendants of those interred in the cemetery.
[2] See also, Roberts v. Stevens, 389 So.2d 782, 785 (La.App. 3 Cir. 1980). The limited scholarly commentary on this subject is also in agreement with the Louisiana jurisprudence. See e.g., Hugh Y. Bernard, THE LAW OF DEATH AND DISPOSAL OF THE DEAD, 71 (Oceana Publications, Inc. 1966) (stating that "the new owner must permit reasonable access to family members wishing to visit the graves."). See also, Trefry v.Younger, 114 N.E. 1033 (Mass. 1917). See also, Nicholson v. Daffin, 83 S.E. 658, 660 (Ga. 1914).
[3] La.C.C. Art. 728.
[4] See e.g., Cash Point Plantation Equestrian Center, Inc. v. Shelton, 40,647 (La.App. 2 Cir. 1/25/06) 920 So.2d 974. See also, Bailey v.McNeely, 2005-629 (La.App. 3 Cir. 12/30/05) 918 So.2d 1124.
[5] La.C.C. Art. 689. See e.g., Bouser v. Morgan, 520 So.2d 937
(La.App. 3 Cir. 1987).
[6] Further seeking guidance from analogies to servitudes under the Louisiana Civil Code, we are also of the opinion, as was then-Judge Tate in the Vidrine matter, supra, that while those with an interest in visiting cemeteries such as the ones discussed herein have certain duties to act prudently when they traverse another's property, the property owner also has some correlative duties to the visitors. In his separate opinion in Vidrine, Judge Tate noted that, with respect to the right of access, the property owner "can do nothing tending to diminish its use, or make it more inconvenient." Vidrine, supra, at 699 (citing, former Civil Code Art. 777; current Civil Code Art. 748). We agree with this statement and here opine that reasonableness in both the exercise and the provision of the right of access to isolated cemeteries is the underlying policy prompted by the jurisprudence of this State.
[7] See, La. Atty. Gen. Op. Nos. 07-0183; 08-0100.
[8] The definition of a "historic cemetery" as used herein comes largely from the definition in Act 600 of the 2008 Regular Session of the Louisiana Legislature, which states that cemeteries eligible for the Louisiana Historic Cemetery Register must meet the following criteria:
 No cemetery shall be considered for placement on the state register unless it is at least fifty years old, or contains the burial of a person of local, state, or national importance by reason of civic, public or military service, cultural achievement, or historical significance, or contains structures that are considered architecturally significant.
Act 600, § 1; codified at La.R.S. 25:914(C). This definition of "historic" is consistent with the definition of that term in the National Historic Preservation Act, 16 U.S.C. 470, et seq. Of course, the substance of this opinion is not intended merely to apply to historic cemeteries, but the reality is that most isolated cemeteries also fit the definition of historic cemeteries.
[9] E-mail from Ann Brown Singleton to Hon. Thomas H. McVea, June 25, 2008.
[10] La. Atty. Gen. Op. Nos. 07-0183; 08-0100.
[11] Singleton, supra.
[12] See, footnote 1, supra, and accompanying text.